## HOLLAND v. MAJESTIC RADIO & TELE-VISION CORPORATION et al.

District Court, S. D. New York.
April 27, 1939.

Harold R. Zeamans, of New York City, for plaintiff.

Walter C. Lundgren, of New York City, for defendants Majestic Radio & Television Corporation, Richard B. Scandrett, Jr., Miner W. Tuttle, Walter Chalaire, and Bernard Phillips.

Strange, Myers, Hinds & Wight, of New York City (Roger Hinds and William J. Cahill, both of New York City, of counsel), for defendant Thomas A. Edison, Inc.

Joe E. Daniels, of New York City, for defendant R.C.A. Mfg. Co. Inc.

HULBERT, District Judge.

These are three separate motions addressed to the amended complaint based upon (1) lack of jurisdiction of subject matter, and (2) failure to state claims upon which relief can be granted.

The original complaint was dismissed upon a similar challenge and with some slight changes in verbiage and the inclusion of paragraphs 7-A, 9-A, 9-B, 11-A, 18-A and 26-A the amended complaint sets up two alleged causes of action, (1) purporting to charge a conspiracy to violate the provisions of specified sections of the U.S. Code Annotated relating to unlawful combinations in restraint of trade, and (2) malicious prosecution arising out of the same conspiracy.

There are three corporate and four individual defendants. Plaintiff stated on the argument and in his brief that it was not sought to hold the individual defend-

ants liable upon the second cause of action, but the prayer for relief reads: "Wherefore, plaintiff demands judgment against the defendants *and each of them* in the sum of $50,000.00, upon the first cause of action trebled pursuant to statute and to reasonable attorneys fees of $5,000.00, and in the sum of $155,000.00 upon the second cause of action, together with the costs and disbursements of this action." (Italics supplied.)

The amended complaint alleges that plaintiff was, and still is, a resident of the Borough of Manhattan, City of New York, Southern District of New York, and a citizen of the State of New York, and was, and still is, engaged in the business of selling radios and other electrical appliances *at retail* in the Metropolitan New York area, which includes parts of the States of New Jersey and Connecticut, under the firm name and style of Holland's, with places of business at 5 East 14th Street and 77 West 125th Street in the Borough of Manhattan, City and Southern District of New York.

Majestic Radio and Television Corporation is an Illinois corporation and citizen of that State; Thomas A. Edison, Inc., is a New Jersey corporation and citizen of that State; R.C.A. Manufacturing Co. Inc., is a Delaware corporation and citizen of that State. Three of the individual defendants compose the law firm of Scandrett, Tuttle & Chalaire, bearing their respective names and engaged in the practice of the profession in this District, and defendant Phillips is an attorney associated with them.

That the corporate defendants were and are engaged in the manufacture and sale of radios *at wholesale* under the respective names of "Majestic", "Edison" and "Victor" and others of a type sold at such times by plaintiff, and said corporate defendants "were and still are selling such radios throughout the States of the United States and in foreign countries, and in the Metropolitan New York area."

The complaint then proceeds to allege that said corporate defendants "maliciously, intentionally and wrongfully combined and conspired among themselves to wrongfully and by unlawful means create" for themselves "a monopoly *throughout the United States, in the field of manufacture and sale of radios of the type sold by plaintiff* and to substantially *lessen competition in such field in the area known as Metropolitan New York*" (italics supplied) "by stopping as far as possible the sale of radios bearing trade names, 'Majestic' 'Victor' 'Edison' and others in such areas except those manufactured by the corporate defendants or licensed by them", and "combined, conspired and agreed not to use civil means to accomplish such purpose but to proceed through the use of criminal process and methods."

It is then charged that the four lawyers named as defendants were engaged to carry out the conspiracy and entered into, became parties and participated in the accomplishment of its purpose to the extent of procuring two agents to visit one of the plaintiff's places of business and purchase a radio bearing the trade mark or trade name "Majestic International" which radio was not manufactured by defendant Majestic Radio and Television Corp.; in furtherance of the conspiracy, it is alleged, that defendants gave information to the District Attorney, and/or Grand Jury of New York County, that plaintiff and others had acted in contravention of the Penal Laws of New York State and had committed misdemeanors thereunder.

On or about the 25th day of June, 1937, the District Attorney of New York County filed, and thereafter prosecuted an information charging Holland Radio Stores Inc., and John Doe and John Lewis with having violated specified sections of the New York Penal Law, with the result that plaintiff was arrested as the "John Doe" named in the information, was tried before and convicted by the Justices of the Court of Special Session of the City of New York on November 25, 1937, and sentenced to sixty days imprisonment in the Workhouse, but upon appeal to the Appellate Division of the New York Supreme Court, First Department, the judgment of conviction was reversed. The opinion of that court, as reported, State v. Holland Radio Stores Inc., 254 App.Div. 719, 4 N.Y.S.2d 995, reads: "Judgment of conviction unanimously reversed and the information dismissed upon the ground that the defendant Ralph Holland was not shown to have participated in any of the acts charged in the information."

It is the contention of plaintiff that his conviction and the attendant publicity arranged by the defendants in furtherance of the alleged conspiracy "caused the complete cessation in the Metropolitan New York area of the sale of radios bearing the name 'Majestic' except those made or li-

censed by the defendants, or some of them, although prior to such time a substantial number of sets bearing the name 'Majestic' other than those made or licensed by the defendants, or some of them, had been sold (whether solely by plaintiff or other dealers not alleged) throughout the Metropolitan New York area, which included parts of the States of New Jersey and Connecticut, for a long period of time."

For the purposes of these motions all of the allegations of the complaint must be deemed admitted. However, the first cause of action does not allege that plaintiff was or is engaged in Interstate Commerce and that the purpose alleged in the conspiracy was to interfere with or deprive plaintiff thereof. All that the plaintiff does allege is, that he was and is engaged in selling radios at retail with places of business at two designated locations in the Borough of Manhattan in the Metropolitan New York area, which includes parts of the States of New Jersey and Connecticut, but does not state that any person ever came from New Jersey or Connecticut into either of his stores and made a purchase or that he ever sold a radio, or anything else, to any person in the portion of New Jersey or Connecticut within the Metropolitan New York area.

It must appear that any injury to plaintiff was caused by interference with his interstate business. Dueber Watch-Case Mfg. Co. v. E. Howard Watch Co., C. C., 55 F. 851, affirmed, 2 Cir., 66 F. 637. In Mitchell Woodbury Corp. v. Albert Pick-Barth Co. Inc., 1 Cir., 41 F.2d 148, 150, the Court stated the complaint was sufficient: "If it alleges with substantial certainty that a conspiracy existed, that its purpose was to deprive the plaintiff of its interstate business and thus destroy interstate competition; that there was restraint in interstate competition in consequence of the conspiracy, and that the plaintiff was thereby injured."

The first cause of action falls far short of that.

The only overt act charged against the defendants is the sale of a radio at one of plaintiff's stores in the Borough of Manhattan and the arrest of plaintiff and others for violation of State statutes, his conviction and sentence to the Workhouse, and the complete cessation of sales in the so-called Metropolitan area by reason of the criminal acts of the conspirators in causing such prosecution.

Transactions between plaintiff and defendants upon which complaint is based must be transactions in Interstate Commerce, otherwise there is no federal question under the Anti-trust Laws sufficient to confer jurisdiction upon this Court. Blumenstock Bros. v. Curtis Pub. Co., 252 U. S. 436, 40 S.Ct. 385, 64 L.Ed. 649.

Conviction imports probable cause, but it is refutable especially when the judgment has been reversed. However, the plaintiff must plead by factual and not merely conclusory allegations that the defendants misrepresented and falsified, or withheld evidence which would have effected a different result upon the trial.

The second cause of action is wholly insufficient in this respect.

The motions to dismiss will be granted, but since Rule 15(a), 28 U.S.C.A. following section 723c, provides that a party shall be given leave freely to amend "when justice so requires" plaintiff will not be deprived of the right to sue in this Court if he can frame a valid cause or causes of action, and he may have twenty days to amend, from the service of order and notice of entry, to be settled on two days' notice.