**RUSSO v. SOFIA BROS., Inc., et al.**

District Court, S. D. New York.

Sept. 20, 1941.

Gustave Suss, of New York City, for plaintiff.

Fertig, Walter & Gottesman, of New York City, for defendants Sofia, etc.

Goodman & Mable, of New York City, for defendant Isadore Lorber.

RIFKIND, District Judge.

Plaintiff moves for leave to serve and file an amended complaint.

Previously, Isadore Lorber, a defendant, moved for a dismissal of the complaint as to him for failure to state a claim. The motion was granted by Judge Coxe with a memorandum reading as follows:

"The complaint in this action does not allege facts sufficient to support a claim against the defendant Lorber. See Green v. Davies, 182 N.Y. 499 [75 N.E. 536, 3 Ann.Cas. 310]; Lewis Invisible S. Mach. Co. v. Columbia Corp. [2 Cir.], 80 F.2d 862, 864.

"The motion of the defendant Lorber to dismiss as against him is granted."

It is to be noted that nothing is said therein about the right to plead over.

Proposed orders thereon were submitted to Judge Coxe, substantially alike, except that the plaintiff's proposed order contained an additional clause permitting an amended complaint. The defendant's order, which provided for a dismissal without reference to an amendment, was signed.

The plaintiff has prepared a proposed amended complaint which sets forth additional allegations concerning defendant Lorber.

Two objections are urged in opposition to the motion. It is argued that the new complaint, like the old, is insufficient in law and does not state a claim against Lorber. Furthermore, it is contended that the previous dismissal was with prejudice inasmuch as leave to amend was not granted. Defendant's counsel takes the position that the motion ought not be granted unless the plaintiff, by a further showing, demonstrates that a meritorious cause of action exists.

■ The proposed amended complaint states a · cause of action against Lorber. The amendatory language spells out an action for fraud and deceit. As stated by the highest court of New York, the elements of such a claim are—representation, falsity, scienter, deception and injury.

Ochs v. Woods, 221 N.Y. 335, 338, 117 N.E. 305; Reno v. Bull, 226 N.Y. 546, 550, 124 N.E. 144. All of these are pleaded against Lorber. Unless some other impediment stands in the way, it is difficult to see why the amendment should not be allowed. The statute of limitations (Sec. 48, N.Y. Civil Practice Act) is not involved. Two questions are presented:

(1) Does the order signed by Judge Coxe preclude this Court from granting leave to amend?

(2) Is the granting of leave to amend prohibited by Rule 41, F.R.C.P., 28 U.S.C.A. following section 723c?

It is convenient to consider both questions together.

■ It is clear that before serving an amended pleading the plaintiff herein must obtain leave of Court. F.R.C.P. 15(a). That rule provides "leave shall be freely given when justice so requires." There are many decisions which give realistic effect to the clause quoted. Holland v. Majestic, etc., Corp., D.C.S.D.N.Y., 27 F. Supp. 990; Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865; and see 1 Moore's Federal Practice, 1938, 785 et seq. It is pointed out by Professor Moore that the objective of the new rules is to secure a disposition of litigation on the merits rather than by collateral methods. Rule 1, F.R.C.P., dictates that the rules shall be construed to secure the just, speedy, and inexpensive determination of every action.

Rule 41, F.R.C.P., relates to the dismissal of actions. Subdivision (b) thereof, entitled "Involuntary Dismissals", makes provision for dismissal for failure to prosecute or to comply with an order of court. It, also gives the right to a defendant at a trial, after the plaintiff has completed his case, to move for dismissal for failure to *prove* a claim. The next sentence reads as follows: "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and *any dismissal not provided for in this rule,* other than a dismissal for lack of jurisdiction or for improper venue, *operates as an adjudication upon the merits."* (Emphasis supplied.)

In the light of Rule 41 and Judge Coxe's order, has there been in this case an adjudication on the merits so as to preclude amendment?

Clearly, there has been no trial of the issues. Manifestly all that has heretofore

been decided is that the *complaint then before the Court* did not state a cause of action against Lorber. Presumably plaintiff could institute a new and separate action against defendant Lorber and in all probability such an action would be consolidated for trial with the pending action. In other words, objectively considered, there has been no disposition of plaintiff's claim on the merits. Are we constrained by a fiction to so treat it by the command of Rule 41?

I have searched vainly for a judicial interpretation of its language as it affects the problem here presented. The Notes of the Reporter to the Advisory Committee on the rules read: "Note to subdivision (b). This provides for the equivalent of a nonsuit on motion by the defendant after the completion of the presentation of evidence by the plaintiff. Also, for actions tried without a jury, it provides the equivalent of the directed verdict practice for jury actions which is regulated by Rule 50."

There is nothing in the note to indicate the applicability of the Rule to a preliminary motion addressed to a pleading. To the contrary, its inapplicability is at least inferentially suggested. The compilation of data gleaned from the Symposia on the Rules under the Auspices of the American Bar Association goes far to confirm that suggestion. Nowhere, in these proceedings is this rule discussed as pertaining to the question here. See: Proceedings of the American Bar Association Institute, Cleveland, pp. 308, 350; Washington and New York, pp. 118, 137, 156, 165 and 277. These discussions reveal the Rule in its primary function, as a device during trial to prevent the recurrence of litigation that had reached that advanced stage.

The place that this rule occupies in the numerical order of the rules, as part of Chapter VI, entitled Trials, rules 38–53, tends to characterize it primarily as controlling the action at or after the trial.

To extend the operation of this rule to the instant motion would, I believe, create a penalty and a forfeiture which was not contemplated by the framers of the Rules. Although I hesitate to lay down a rule which would limit its operation in analogous circumstances, I am, nevertheless, convinced that it does not apply to an instance such as is present in this case.

The original complaint contained no allegations which indicated clearly that no amendment could avail the plaintiff. In view of the liberal provisions in the Rules for amendment I am not at all convinced that Judge Coxe intended by his order to prevent the plaintiff from repleading. Much is made of the fact that the plaintiff's proposed order to Judge Coxe (which was not signed) contained leave to amend.

However, the proposed amendment was not then before the Court. No showing of the feasibility of amendment was made and there was no opportunity therefor. I construe Judge Coxe's action as denying a general leave to amend but not as denying plaintiff the privilege of proceeding on proper papers to seek the court's permission to serve a specific amendment.

As to the defendant's plea that the plaintiff show a meritorious case as a condition to permitting the amendment, I think that the proposed pleading, as verified, is sufficient. When filed, the signature of plaintiff's attorney thereon, pursuant to Rule 11, F.R.C.P., will be the equivalent of an affidavit of merit.

The motion is granted. Submit order.