**WHOLESALE SUPPLY CO., Inc.,**

v.

**SOUTH CHESTER TUBE CO.**

**Civ. A. No. 12885.**

United States District Court
E. D. Pennsylvania.

Feb. 14, 1957.

George E. Beechwood, J. Paul Erwin, Jr., Philadelphia, Pa., for plaintiff.

George Walter Witney, Albert J. Bader, Philadelphia, Pa., for defendant.

GANEY, District Judge.

On October 26, 1951, the action here involved was brought for breach of contract allegedly entered into on June 20, 1950, as the result of telephone conversations and the exchange of several letters between the parties for the sale and shipments of steel pipe. The asserted breach consisted of defendant's failure to make shipments on or before the dates provided in the contract. The complaint was filed by George E. Beechwood, Esquire, a member of the then existing law firm of Conlen, LaBrum & Beechwood, Esquires. Jurisdiction of this court was invoked on the grounds of diversity.

On November 20, 1951 a motion for a more definite complaint was filed by George Walter Witney and Albert J. Bader, attorneys for the defendant. The reasons given for the motion were that the complaint fails to state (1) whether the contract was oral or written, and if in writing, omitted to attach a copy of the contract, (2) whether the letters and telephone conversations constituted the contract, and neglected to attach copies of the letters, and (3) in what manner

plaintiff suffered loss by reason of the alleged breach of contract. The matter came on for argument before the Court on January 21, 1952. The Court refrained from ruling on the motion because counsel for the plaintiff indicated that he would submit to defendant's counsel the documents upon which the claim was based as well as information showing what losses were suffered by plaintiff as a result of the alleged breach of contract. Then followed a period of two years and nine months of apparent inactivity.

By letter dated November 9, 1954, defendant's counsel informed Mr. Beechwood as follows: "This will acknowledge receipt of your letter of November 1 enclosing copy of Praecipe placing the above case on the jury trial list. At your convenience, I would like to talk the matter over with you."[1] Thereafter counsel for the parties met for the purpose of reaching a mutually agreeable sum whereby the matter could be settled amicably. After several discussions between counsel for the parties no agreement was reached.

The next step was taken by the Clerk of this Court. He sent a form letter dated July 6, 1956, to defendant's counsel and a copy to the law firm of LaBrum & Doak, Esquires. The letter in part stated:

"The record in the above case indicates that no proceedings have been taken by the parties for a period of two consecutive years. Unless application is made to the Court within two weeks from the date of this letter, the case will be deemed abandoned and stand dismissed in accordance with a local rule of Court. Said dismissal shall be without prejudice and with costs against plaintiff."

As of the date of the letter, counsel of record for the plaintiff was still Conlen, LaBrum & Beechwood. The firm had been dissolved prior to that date, and, as shown by a copy of the form letter, the Clerk was aware of this fact. The law firm of LaBrum & Doak, under date of July 11, 1956, forwarded a copy of the form letter to Mr. Beechwood of the law firm of Beechwood and Lovitt, Esquires. On or before July 24, 1956, the Clerk of Court received a paper asking that the appearance of counsel of record for the plaintiff be withdrawn and that the appearance of Beechwood and Lovitt be entered. Both requests were signed by Mr. Beechwood. Even though counsel for either side did not make application to this Court, the Clerk of Court did not mark the case dismissed or abandoned.

On October 11, 1956, plaintiff filed an amended complaint. Prior to this date, Mr. Beechwood did not furnish defendant's counsel with the document and information sought by the motion for a more definite complaint. On October 29, 1956, counsel for plaintiff consented to opposing counsel's verbal request for an extension of time within which to file a pleading to the amended complaint. No leave of court was obtained for such an extension.[2] Instead of filing a responsive pleading, defendant's counsel, on November 8, 1956, filed a motion to strike the amended answer for the asserted reason that it was barred by the statute of limitations and to dismiss the original complaint for lack of prosecution. On the same day the Court stayed all proceedings pending its determination of the motion. Plaintiff filed an "answer" to this motion, and on December 5, 1956, defendant filed a motion to strike on the grounds that it was not a pleading under the Federal Rules.

---

1. There is nothing in the record or docket entries in this case to show that a "Praecipe" was ever filed with the Clerk of Court.

2. See Federal Rules of Civil Procedure 6 (b) (2) and 12(a), 28 U.S.C.

■ With regard to defendant's motion to dismiss the action for plaintiff's failure to prosecute, we cannot condone counsel's delay in submitting certain documents to defendant's counsel for inspection. On the other hand we are unable to say that defendant's counsel are blameless in this matter. Whether defendant was or was not entitled to the documents by motion for more definite statement is not in issue now. If Mr. Beechwood indicated to the Court that the documents and information would be forthcoming, then he should have submitted them to the opposition or sought a ruling on the motion. If defendant's counsel was dissatisfied with Mr. Beechwood's delay, he was not without a remedy. When the talks of settlement initiated by them proved unsuccessful, they could have sought a default judgment under Rule 41(6) or pressed for a ruling on the motion. Plaintiff could not insist that the case be placed on the trial list. Its so-called "Praecipe" ordering the Clerk to place the case on that list was a vain gesture. The matter was never at issue, for the defendant has not filed an answer to the complaint. Of course defendant can argue that it was unable to file an answer because of the vagueness of the complaint. Be that as it may, plaintiff has filed an amended complaint in which it inserts all the information sought by the motion for a more definite statement. In addition defendant complains under that motion as well as under the motion to strike off the amended complaint that plaintiff has not made application to this Court as required by the local rule.[3] If such an application were made it would have been granted by this Court, under the circumstances, as the rule is for administrative purposes and confers no substantive right upon the defendant to insist that the case be marked dismissed. We take the entry of appearance of Beechwood and Lovitt as an application to the Court requesting that the case not be marked dismissed.

Counsel also claim that their client was prejudiced by Mr. Beechwood's delay but do not give any particulars. The documents which they sought consisted of written communications between the parties. The original or copies of these documents in all likelihood were in defendant's files from the date the communications were sent or received. And the information concerning the measure of plaintiff's damages was probably obtained in the informal discussions between counsel looking toward settlement. As it turns out, the delay was a benefit; it gave defendant an opportunity to file the motion that it did.

■ With respect to the defense of the statute of limitations, we will assume that the defendant's failure to file the motion to strike off raising this defense was the result of excusable neglect and permit the filing of that motion. Under this defense defendant maintains that the amended complaint sets up an entirely different contract or cause of action, and since it was filed more than six years after the right of action stated in the original complaint arose, it is barred by the statute. If the claim asserted in an amended pleading is barred by a statute of limitation, it cannot revert back to the time of the original pleading. Aetna Life Ins. Co. v. Moyer,

3. This rule, which was adopted on November 24, 1952, provides in part: "In every civil action, not answered 'Ready for Trial' upon a preliminary call, in which no proceeding has been taken for a period of two consecutive years, the Clerk shall, immediately upon the expiration of such two year period, send notice to counsel of record * * * that, unless the Court upon application made within two weeks after such notice shall otherwise order, the case will be deemed to be abandoned and stand dismissed and, in the absence of such application to or order by the Court the Clerk shall without special order enter upon the record 'Dismissed under the rule' and tax the costs against the plaintiff. Dismissal under this rule shall be without prejudice."

3 Cir., 1940, 113 F.2d 974, 981; Smith v. Piper Aircraft Corporation, D.C.M.D. Pa.1955, 18 F.R.D. 169, 175–177.

 Pennsylvania has a six-year statute of limitation for actions brought for breach of contract not under seal. Act of March 27, 1713, 1 Sm.L. 76, § 1, 12 P.S. § 31. It also has a so-called "borrowing statute" which provides: "When a cause of action has been fully barred by the laws of the state * * * in which it arose, such bar shall be a complete defense to an action thereon brought in any of the courts of this commonwealth." Act of June 26, 1895, P.L. 375, § 1, 12 P.S. § 39. From the amended complaint we learn that the steel pipe was to be shipped to Jackson, Mississippi. Since Pennsylvania recognizes the law of the state where the contract was to be performed as governing the right to bring an action for its breach, we must look to the law of Mississippi. That State also has a six-year statute of limitation for the commencing of actions for breach of contract. Code of 1942, § 722. But unlike the Pennsylvania statute, the Mississippi statute defeats the right as well as the remedy when no action has been brought prior to the running of the six-year period. Code of 1942, § 743. In Mississippi, when an action has been timely brought, an amendment to the complaint relates back to the commencement of the action even though it has been filed after the six-year period has run provided no new cause of action or claim is set up or no new demand is made. See McKesson & Robbins, Inc. v. Coker, 1955, 222 Miss. 774, 77 So.2d 302, which cites 54 C.J.S. Limitations of Actions § 280a, p. 327. When no new and different cause of action is presented therein, Pennsylvania also permits an amended statement to relate back to the time of the original statement. Miners Saving Bank v. Naylor, 1941, 342 Pa. 273, 20 A. 2d 287.[4] So both the law of the State of performance and the law of the forum permit the relating back of amendments.

 An examination of the complaint and the amended complaint reveals that the same amount of damages are sought for defendant's failure to deliver steel pipe on or before certain stated times. In each pleading the quantity, type and dimensions of pipe, and the dates prior to which delivery was allegedly promised to be made are the same. However, the amended complaint, in addition to setting forth the facts in greater detail, pleads that a contract was entered into on June 20, 1950.[5] Applying the test set forth in

---

4. " 'The tests to be applied, when the question presented is whether an amended statement presents a new and different cause of action are: Would a judgment bar any further action on either? Does the same measure of damages support both? Is the same defense open in each? and, Is the same measure of proof required?' Goldberg v. Friedrich, 279 Pa. 572, 576, 124 A. 186, 187." 342 Pa. 273, 280, 20 A.2d 287, 291.

5. (A) Paragraphs 4 and 5 of the complaint aver:
"4. On or about June 20, 1950, as a result of numerous letters and telephone conversations, plaintiff and defendant entered into a contract whereby defendant agreed to sell and plaintiff agreed to buy (210,840 feet of black lapweld steel pipe]. The agreement provided for shipment * * * to be completed by the first half of September.
"5. Although demand was made upon defendant by plaintiff, defendant failed to deliver the pipe at the time specified in the agreement, and further failed to deliver the pipe at the price agreed upon, causing loss to plaintiff * * *."
(B) Paragraphs 4 and 5 of the amended complaint state:
"4. Plaintiff and defendant entered into a contract on or about June 12, 1950 wherein the defendant agreed to sell and plaintiff agreed to buy [210,- 840 feet of black lapweld steel pipe].
The contract called for shipment * * to be completed by the end of the first half of September, 1950.
The said contract was both oral and in writing. The writing was in the form of various telegrams, letters and other documents, true and correct copies of

Rule 15(c) of the Federal Rules concerning relation back of amendments, it appears that the claim asserted in the amended complaint "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" and therefore relates back to the date of the original complaint and is not barred by either the Mississippi or Pennsylvania statute of limitations. See Tiller v. Atlantic Coast Line R. Co., 1945, 323 U.S. 574, 580–581, 65 S.Ct. 421, 89 L.Ed. 465; 3 Moore's Fed.Pract. (2nd Ed.) Paragraph 15.15.

██ Since the amended complaint satisfies all the objections raised in the motion for a more definite complaint, it is our ruling that plaintiff has either complied with the request—or that the question is moot. At this juncture there is no impediment legally or procedurally, to prevent defendant from filing an answer.

██ Concerning defendant's motion to strike plaintiff's "answer" to defendant's motion to strike off the amended complaint as not being a pleading within the meaning of Rule 7(a), clearly the paper is not a pleading. 2 Moore's Fed.Pract. (2nd Ed.) Paragraph 7.05. It was not intended to be such; it is plaintiff's formal notice to the Court and

to the other party that it is opposing defendant's motion and the grounds for such opposition. Rule 7(b) does not specify what "other papers" may be filed. The paper in question falls within that category. There was no necessity that the paper be filed of record and docketed. For that reason we will not strike it off, but shall treat it as a brief in opposition to the motion. See Bigelow v. RKO Radio Pictures, Inc., D.C.N.D.Ill.1954, 16 F.R.D. 15; 2 Moore's Fed.Pract. (2nd Ed.) Paragraph 7.05.

### Order

Therefore, on this 14th day of February, 1957, it is ordered by this court that (1) defendant's motion to dismiss the action for failure to prosecute be, and the same is hereby, denied; (2) defendant be permitted to file its motion to strike off the amended complaint and that the motion be, and the same is hereby, denied without prejudice; (3) defendant's motion for a more definite complaint be, and the same is hereby, declared moot; (4) the order staying these proceedings be, and the same is hereby, terminated; and (5) defendant be, and the same is hereby, allowed ten days from the date of its notice of this order in which to file an answer to the amended complaint.

which are attached hereto * * *. The contract was consummated orally in a telephone conversation which took place on June 12, 1950. Shipment * * * was to be completed by the end of the first half of September, 1950.

"5. Should it be adjudged by the Honorable Court that the said contract was not consummated on June 12, 1950, then plaintiff believes and therefore avers in the alternative that the plaintiff and defendant entered into a contract on July 20, 1950 which embodies the same provisions as set forth in Paragraph Fourth

above. The said contract was entirely in writing. The writings consisted of various telegrams, letters and documents, true and correct copies of which are attached hereto * * *.

"6. In accordance with the terms of the contract the defendant shipped 56,-041 feet and six inches of * * * pipe in September, 1950.

"7. The plaintiff made demand upon the defendant to ship the balance of pipe within the time specified in the contract but the defendant failed without good cause to do so * * *."