**ORDNANCE GAUGE COMPANY**

v.

**JACQUARD KNITTING MACHINE CO., Inc.**

**Civ. A. No. 12206.**

United States District Court
E. D. Pennsylvania.

Jan. 21, 1958.

Leonard L. Kalish, Philadelphia, Pa., for plaintiff.

H. Francis Delone, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

This suit, based on violation of the antitrust laws, unfair competition, and trade slander and libel, was commenced on May 3, 1951. It is a countermove by the plaintiff in a controversy which began in 1950 with an infringement suit brought by the defendant against the present plaintiff. That suit has been finally disposed of after an appeal to the Court of Appeals in 1954. 3 Cir., 213 F.2d 503.

The defendant filed its answer on June 29, 1951. Thereafter nothing whatever was done by the plaintiff until after the plaintiff's counsel was served with a notice issued by the Clerk on November 8, 1956, under a rule of this court which provides that, where no proceedings in a case have been taken for two consecutive years, the case will be deemed abandoned and stand dismissed unless application is made to the court within two weeks of notice. The dismissal is to be without prejudice. Following the receipt of this notice, the plaintiff, on November 21, 1956, filed a praecipe to place the action on the jury trial calendar and, on November 23, filed an application with the Court requesting that the action be not deemed abandoned nor dismissed for lack of prosecution. On March 15, 1957, the defendant moved the Court under Rule 41 to dismiss the action with prejudice on the ground that the plaintiff had failed to prosecute it with due diligence. On August 19, 1957, the Court granted the motion. There-

after judgment was entered. The plaintiff's motion to vacate the judgment of dismissal was denied and the plaintiff now moves for a rehearing.

■ The matter of dismissal of actions for want of prosecution is one that has produced a great number of rulings, some of which are apparently conflicting—a fact which need not give us much concern if the matter be treated, as it should be, as being one within the broad discretion of the court, reviewable only in cases of gross abuse. In such situations, the court's exercise of discretion in each case is governed by circumstances peculiar to the case before it and precedents are of little value.

■ Courts, and particularly courts of equity, have, and always have had, inherent power to dismiss pending actions for lack of diligence in bringing them to trial. Zielinski v. United States, 2 Cir., 120 F.2d 792. Rule 41(b), 28 U.S.C.A., did not take away or limit this power but recognized it and incorporated it in a code of procedure. The local rule which figures in this case merely provides that under certain conditions it will be exercised automatically.

The record in the present case is complicated by the fact that, while the plaintiff's application was pending, the defendant moved to dismiss under Rule 41 (b) of the Federal Rules. The Court's judgment of dismissal was entered upon the defendant's motion.

■ I have carefully gone over the evidence submitted to me in the form of affidavits and statements of facts by counsel which I accept as entirely reliable. I am of the opinion that no adequate reason has been shown why the plaintiff has allowed this case to remain dormant for six years.

I am aware that in a great many cases courts have afforded the plaintiff one last chance to proceed or be dismissed, but there is no general rule requiring this in all cases, and I do not think that the present case merits that consideration.

■ The plaintiff argues that Rule 41 (b) was intended to apply only to failure to proceed at trial, citing Russo v. Sofia Bros., D.C., 2 F.R.D. 80. It is true that a majority of the decisions involving dismissal for want of prosecution have been cases in which the failure to proceed took place at or in connection with the actual trial of the action after it had been listed and called. I find myself unable to agree with the view of Judge Rifkind in the Russo case, supra, and I think that Rule 41(b) applies here. However, I do not think that the dismissal in this case should be under that rule, which prescribes a dismissal with prejudice. The motion under Rule 41(b) was filed after receipt of notice from the Clerk, required by the local rule, that the case would be deemed abandoned unless application was made to the Court. If this application be denied, as I think it should be in this case, the cause of action would under the rule have to be dismissed without prejudice. It seems anomalous and unfair that a plaintiff who, when notified of the impending dismissal of his case, moved promptly (though unsuccessfully) to avoid the penalty, should find himself, by the defendant's belated action, in a worse position than if he had done nothing and permitted his action to be dismissed without protest.

The case will, therefore, be dismissed without prejudice, under the local rule.