**ORDNANCE GAUGE COMPANY,**
Appellant,

v.

**JACQUARD KNITTING MACHINE CO., Inc.**

No. 12577.

United States Court of Appeals Third Circuit.

Argued Nov. 17, 1958.

Decided Feb. 18, 1959.

Rehearing Denied April 9, 1959.

Leonard L. Kalish, Philadelphia, Pa., for appellant.

H. Francis DeLone, Philadelphia, Pa. (John P. Mason, Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

The court below dismissed without prejudice a suit filed by the appellant, Ordnance Gauge Company, against Jacquard Knitting Machine Company. Ordnance has appealed.

Extensive litigation between the parties commenced on April 19, 1950 when

Jacquard, defendant-appellee in the instant case, filed a complaint against Ordnance, at Civil Action No. 10,850 in the court below, alleging infringement of the United States Patent No. 2,397,456. The patent discloses a method of transferring stitches from one needle to another in knitting machines or in a loop-receiving device. Ordnance filed an answer and a counterclaim denying infringement and sought to have the patent declared invalid and also prayed for an injunction restraining Jacquard from instituting or threatening suit agaist its, Ordnance's, customers alleging that they had infringed Jacquard's patent.

After the filing of the answer and counterclaim in Civil Action No. 10,850, but before the trial of that action, Ordnance on May 3, 1951, filed the suit at bar, Civil Action No. 12,206 in the court below. Ordnance's complaint alleges violation by Jacquard of the antitrust laws in connection with United States Patent No. 2,397,456, makes reference to the suit at Civil Action No. 10,850, alleges that Patent No. 2,397,456 is invalid and was not infringed, asserts that Jacquard was guilty of unfair competition, trade libel and slander, and seeks damages and other relief. An answer was filed by Jacquard on June 29, 1951, but no further action of any kind, insofar as the record shows, was taken in the suit for a period of more than five years, indeed not until November 8, 1956. The trial of Civil Action No. 10,850 was commenced on July 19, 1951 and was concluded April 16, 1952. The court below filed an opinion [1] and entered judgment on November 14, 1952, holding the patent invalid and denying relief to Ordnance on its counterclaim. Jacquard and Ordnance cross-appealed to this court. We affirmed the judgment of the court below.[2]

On November 8, 1956 the Clerk of the court below mailed to the attorneys for both Jacquard and Ordnance a notice [3] that Civil Action No. 12,206 would be dismissed under the local "Two-Year Rule",[4] unless application was made to

1. Jacquard Knitting Mach. Co. v. Ordnance Gauge Co., D.C.E.D.Pa.1952, 108 F.Supp. 59.

2. 3 Cir., 1954, 213 F.2d 503.

3. The notice was as follows: "The record in the above case indicates that no proceedings have been taken by the parties for a period of two consecutive years. Unless application is made to the Court within two weeks from the date of this letter, the case will be deemed abandoned and stand dismissed in accordance with a local rule of Court. Such dismissal shall be without prejudice and with costs against the plaintiff.

"If this case has been settled, a stipulation or order to dismiss filed by the parties in accordance with Rule 41 of the Federal Rules of Civil Procedure [28 U.S.C.] will preclude the necessity of entering a cost judgment on the judgment indexes."

4. The "Two-Year Rule" under which the Clerk of Court acted was promulgated November 24, 1952, and is as follows:

"In every civil action, not answered 'Ready for Trial' upon a preliminary call, in which no proceeding has been taken for a period of two consecutive years, the Clerk shall, immediately upon the expiration of such two year period, send notice to counsel of record or, if none, to the parties that, unless the Court upon application made within two weeks after such notice shall otherwise order, the case will be deemed to be abandoned and stand dismissed and, in the absence of such application to or order by the Court the Clerk shall without special order enter upon the record 'Dismissed under the rule' and tax the costs against the plaintiff. Dismissal under this rule shall be without prejudice.

"This rule shall on and after December 1, 1952, be in full force in cases then pending or thereafter brought."

The rule of the court below which was effective until December 1, 1952, provided:

"Every Civil Action in which no proceeding has been taken for a period of two consecutive years shall, immediately upon the expiration of such two year period, be deemed to have been abandoned and stand dismissed, and the Clerk shall thereupon, without special order, enter upon the record 'Dismissed under the rule' and tax the cost against the plaintiff. Dismissals under this rule shall be without prejudice.

"This rule shall on and after the 2nd day of January, 1940, be in full force in

the district court. Ordnance responded on November 21, 1956 by filing a praecipe directing the Clerk of the District Court to place the case on the jury trial calendar. The Clerk prepared a "calendar card"[5] and gave the case a number for the preparation of the list for preliminary call. Two days later, on November 23, 1956, Ordnance filed an application to the court that the action should not be "deemed [to be] abandoned nor dismissed."[6] Ordnance's application was listed for argument on December 16, 1956. There was a continuance, however, at Jacquard's request and on March 17, 1957 Jacquard filed a motion pursuant to

Rule 41(b), Fed.R.Civ.Proc., 28 U.S.C., to dismiss the suit at bar for want of prosecution with due diligence. Affidavits were filed.[7]

Ordnance's application that the suit should not be deemed to be abandoned or dismissed and Jacquard's motion to dismiss were argued together on June 24, 1957. On August 19, 1957 the court below granted Jacquard's motion to dismiss the suit at bar for failure to prosecute it diligently pursuant to Rule 41(b) and without opinion ordered the action at bar dismissed. Ordnance filed a petition for rehearing.[8] A hearing was had on this petition and on January 21, 1958 the

all actions then pending or thereafter brought."

5. A calendar card is an abbreviated record of the case in the district court, and is used principally to facilitate the preparation of trial lists.

6. Ordnance's application of November 23, 1956 was as follows: "Plaintiff requests that this Action be not deemed abandoned nor dismissed, for lack of prosecution, because it is not plaintiff's intention to abandon this Action, and plaintiff has filed a Praecipe requesting that this Action be placed on the trial calendar."

7. Two affidavits were filed by the defendant June 19, 1957. One affiant, Mr. Jerome G. Lee, was employed by the firm of J. Stanley Preston, counsel for Jacquard in Civil Action No. 10,850. See 265 F. 2d 190, supra. Lee stated, through his affidavit that it was his observation and belief that "all conferences, discussions, and correspondence" relating to Civil Action No. 10,850 and decisions leading up to the suit were conducted by and between Mr. Preston and Mr. Harry Albertman, the general manager of Jacquard; and that J. Stanley Preston died in October 1954.

The other affiant was Mr. Charles F. Miller, who, at the time of trial of Civil Action No. 10,850, was Chief Engineer of Jacquard. At the time of making the affidavit, Mr. Miller was Vice-President of Wildman-Jacquard Co., a successor company. In his affidavit Mr. Miller stated that Mr. Albertman was unable to testify in Civil Action No. 10,-850 because of "serious physical and mental disabilities," and that "At the present time [June 18, 1957], Mr. Albert-

man is even more seriously disabled, both physically and mentally"; that on June 29, 1956, Jacquard merged with Wildman Mfg. Co. to form the Wildman-Jacquard Co. and that Jacquard's factory in Philadelphia was closed; that no one in the Wildman-Jacquard organization could testify that the files of J. Stanley Preston relating to litigation between Jacquard and Ordnance, transferred to Jacquard after Preston's death, are complete or that no documents had been lost.

A third affidavit was filed by defendant Jacquard on March 5, 1958. It was sworn to on June 20, 1957 by Mr. Robert D. Donley, the Secretary of Jacquard. Apparently it was before the court on June 24, 1957 but was not marked "filed" until March 5, 1958. The affiant stated in substance that defendant's assets and corporate affiliations had undergone a series of changes since June of 1954. No affidavits were filed by plaintiff, Ordnance Gauge Co.

8. Ordnance's reasons in seeking a vacation of the judgment of dismissal were set out in its petition for rehearing. These reasons are that Civil Action No. 10,850 was not concluded until August 19, 1954, when the time for filing a petition for certiorari to the Supreme Court expired; that that suit by Jacquard, constituting a substantial drain on Ordnance's resources, made prosecution of the present suit impractical; that the incapacitating illness of Ordnance's president added to the difficulties of diligent prosecution; that the attorney for Ordnance had to curtail his activities during the period 1952–56 because of serious illnesses and death in his immediate family.

court below filed an opinion,[9] ruling against Jacquard, vacated its judgment of August 19, 1957, but ordered Ordnance's action dismissed without prejudice under the Two-Year Rule. Ordnance now appeals from this judgment.

Ordnance contends that the court below erred in dismissing its suit under the Two-Year Rule on January 21, 1958, as it had erred previously in dismissing the suit under Rule 41(b) on August 19, 1957. Ordnance asserts that the court below misconstrued the Two-Year Rule and applied it prejudicially contending that the court itself failed in its duty through the inaction of its Clerk's office in failing for more than three years to give notice to Ordnance that it would apply the Two-Year Rule when the rule itself required the Clerk to give notice "immediately" upon expiration of the prescribed two year period and that Ordnance's suit is now barred by the applicable statutes of limitations.[10] Quite aside from any of the foregoing, Ordnance asserts that the rule is inapplicable by its own terms to the case at bar and that the court has misconstrued it. There is no doubt that the court below dismissed the instant case by application of the Two-Year Rule for the final line of the opinion stated: "The case will * * * be dismissed without prejudice, under the local rule." 21 F.R.D. at page 577. We therefore must determine whether the court erred in applying this rule under the circumstances at bar.[11]

The assertion that the court below misconstrued or misapplied the Two-Year Rule requires an examination of its provisions. Ordnance insists that the phrase "In every civil action not answered 'Ready for Trial' upon a preliminary call * * * shall * * *" be subject to the Rule's provisions, must be construed as if it read "In every civil action which shall have been on preliminary call and not answered 'Ready for Trial' * * * shall * * *" be subject to the Rule's provisions. This interpretation would exclude from the operation of the rule any case "not answered 'Ready for Trial' upon a preliminary call," such as the case at bar. We cannot accept this construction. The rule may not be as clear as it should be but its purpose as a successor to the former "Two-Year Dismissal Rule"[12] was to wipe dead cases from the court's civil docket. This interpretation sought by Ordnance would emasculate the rule and render it largely nugatory for it would not affect cases unless they had been on preliminary call. It cannot be supported. Under the local practice a case does not come up for preliminary call unless counsel "issues" a "trial order". If counsel for the defendant does not do so, and the burden of prosecuting an action is not on the defendant, the plaintiff could forever avoid a calendar call and thus avoid the impact of the Two-Year Rule by simply not issuing the "trial order" referred to.

9. See D.C.E.D.Pa.1958, 21 F.R.D. 575.

10. It is not clear from the complaint when or where the acts complained of, alleged to be a conspiracy to monopolize trade, occurred. Other acts seem to be charged against Jacquard alone. Three causes of action are set out in the complaint, and none too clearly. Some of the events complained of are alleged to have occurred at or about the time of the Knitting & Allied Crafts Exposition in New York State on April 24, 1950, subsequent to the filing of the complaint at Civil Action No. 10,850 on April 19, 1950. Ordnance has not stated in its pleadings, in its brief, or in oral argument the applicable statutes of limitations which may have been those of States; some of the acts complained of certainly occurred prior to the Act of July 7, 1955, 69 Stat. 283, effective January 7, 1956, 15 U.S.C.A. § 15b. In view of the lack of more thorough explication by Ordnance as to the applicable statute or statutes of limitations we cannot state with positiveness whether or not Ordnance's actions are now barred.

11. We cannot say that the Two-Year Rule has not been vigorously applied. In the two years immediately following its effective date 115 cases were dismissed under it.

12. See note 4, supra.

■ Stated in its simplest terms the Two-Year Rule provides that if no action be taken in a suit for two consecutive years the Clerk shall "immediately" send notices to the counsel for the parties that unless the court, acting upon an application made within two weeks [13] orders the case restored, it shall stand dismissed. The latter part of the rule simply provides that if the court does not make an order restoring the case, the Clerk shall, acting for the court, enter an order upon the record phrased "Dismissed under the rule" and tax the costs against the plaintiff. Such a dismissal is without prejudice. The making of an application by the plaintiff, such as filing a praecipe or a petition that the action be deemed not dismissed, does not automatically save the suit from dismissal. If no application is made the Clerk, performing a ministerial duty, enters judgment against the plaintiff in the form just referred to. If an application is made to the court within the two weeks period, it then rests within the sound legal discretion of the court to grant the application and restore the case to the docket or to reject the application and refuse restoration.

The case lay dormant for nearly five and a half years. No action of any kind was taken by Ordnance until after the Clerk's notices were sent on November 8, 1956. The petition for rehearing filed on behalf of Ordnance does not state any sound legally cognizable reason for delay in the prosecution. What is stated appeals to mercy rather than to reason. Jacquard by its affidavits sets out reasons why it believes it would be prejudiced if the case was to be tried. We find these reasons none too convincing. The issue is one which lies within the sound legal discretion of the court below. Cf. Wholesale Supply Co. v. South Chester Tube Co., D.C.E.D.Pa.1957, 20 F.R.D. 310, 313.

■ But there is another issue. Ordnance insists that it was prejudiced because the Clerk did not give notice to its counsel "immediately" upon the expiration of the two year period, as the Two-Year Rule requires, viz., on June 29, 1953, but waited over three years before doing so. This cannot be deemed to be compliance with the rule. We are not unmindful of the fact that the dismissal is without prejudice and we cannot say that Ordnance's claims are now barred by statutes of limitations. But where a suit is stricken from the docket of a court fairness would seem to require adherence to the strict terms of its own rule by the dismissing court. The sending of the notice three years after the expiration of the two year period does not meet the test of immediacy. The rule should be amended and should specify a period in which the notice must be sent.[14] We are of the opinion that it was properly applicable but improperly executed under the circumstances at bar.

■■ We must now discuss the application of Rule 41(b), Fed.R.Civ.Proc., 28 U.S.C. The Court below in its opinion, D.C.E.D.Pa.1958, 21 F.R.D. 575, disagreed with the ruling of Russo v. Sofia Bros., D.C.S.D.N.Y.1941, 2 F.R.D. 80, and held that Rule 41(b) authorized the dismissal of the suit. In the Russo case Judge Rifkind concluded that Rule 41(b) did not authorize the dismissal of a suit by a preliminary motion addressed to the pleading. In the Russo case a motion to dismiss a suit because the complaint had not stated a cause of action had been granted. When the suit was dismissed permission to amend the complaint had not been requested or granted. When the plaintiff later sought to file an amended complaint which did state a cause of ac-

13. We assume that the two weeks period commences upon the dispatch of the Clerk's notice. This portion of the rule requires clarification. The date from which the two weeks period commences to run is not pertinent here for Ordnance's praecipe to restore the case was made within 13 days of the dispatch of the notices by the Clerk.

14. Our statements are not intended to reflect on an overburdened and efficient court or its overburdened and efficient Clerk's office.

tion, Rule 41(b) was raised as a barrier. As we have said the court was of the view that Rule 41(b) was not applicable at the pleading stage. We think that the court in the Russo case was in error, at least insofar as it held that Rule 41(b) was inapplicable to dismissals for want of prosecution at the pleading stage. Field v. American-West African Line, Inc., 2 Cir., 1946, 154 F.2d 652; 2 Barron & Holtzoff, Federal Practice § 918 (1950). Rule 41(b) provides that a case may be dismissed "For failure of the plaintiff to prosecute. * * *" There certainly was failure to prosecute here. That failure had lasted for a period of over five years. Whether such failure justified dismissal was within the discretion of the trial court. See, e. g., Russell v. Cunningham, 9 Cir., 1956, 233 F.2d 806, n. 3. A dismissal under Rule 41(b) operates as a dismissal on the merits unless the court shall specify otherwise. See the last sentence of the rule. This provision apparently was overlooked by the court below. We hold that the suit at bar must stand dismissed under Rule 41(b) but that the dismissal should not operate as a dismissal on the merits.

■ We have ruled on the applicability of Rule 41(b) because of the well established doctrine that a judgment appealed from may be affirmed on a valid ground, even if the basis asserted by the court below as the basis of its decision is insufficient or invalid. Parkway Baking Co. v. Freihofer Baking Co., 3 Cir., 1958, 255 F.2d 641, 647; Lanova Corp. v. National Supply Co., 3 Cir., 1941, 116 F.2d 235, 239. The court below was correct in its first order dismissing the case at bar for want of prosecution under Rule 41 (b). Since the court below was of the view that the case should be dismissed without prejudice and thought that it could not do so under Rule 41(b), and the provision of Rule 41(b) as to adjudication upon the merits can be treated, under the circumstances of the case at bar as the equivalent of a dismissal without prejudice, we can perceive no reason why the judgment of the court below should not be affirmed.

In view of our ruling we see no reason for passing upon the contentions of Jacquard that the issues presented by the case at bar were adjudicated by the judgment of the court below at Civil Action No. 10,850.

Accordingly, the judgment of the court below will be affirmed.

### On Petition for Rehearing

PER CURIAM.

Ordnance has filed a petition for rehearing based in part on the application of the so-called "Two Year" Rules of the court below and has filed also an extensive tabulation of cases dismissed by the court below under these rules. We did not affirm the dismissal of Ordnance's action under these rules and it follows that this portion of the petition for rehearing is irrelevant.

The real thrust of the petition for rehearing is directed to language in the opinion in Societe Internationale Pour Participations Industries Et Commerciales, S. A. v. Rogers, 1958, 357 U.S. 197, 206–208, 78 S.Ct. 1087, 2 L.Ed.2d 1255. We had this decision before us at the time our opinion was handed down but we considered that it was not relevant to the issues presented. However, since Ordnance has laid so much emphasis upon this decision in its petition for rehearing we think it desirable to discuss the decision in this opinion.

In our prior opinion, as appears, we expressed our disagreement with the ruling in Russo v. Sofia Bros., D.C.S.D.N.Y. 1941, 2 F.R.D. 80, which concluded that Rule 41(b), Fed.R.Civ.Proc., 28 U.S.C., did not authorize the dismissal of a suit by a preliminary motion addressed to the sufficiency of the pleading.

In Societe Internationale Pour Participations Industries Et Commerciales, S. A. v. Rogers, the Supreme Court held that Rule 41(b) could not serve as the basis for dismissal of an action when documents sought by the plaintiff had not been produced, and that the power of a court to dismiss a complaint because of non-compliance with a production or-

der depended exclusively upon Rule 37. The Supreme Court, by Mr. Justice Harlan, after quoting the first sentence of Rule 41(b), said *inter alia* [78 S.Ct. 1093], "There is no need to resort to Rule 41(b) which appears in that part of the Rules concerned with *trials* and which lacks * * * specific references to discovery." Ordnance lays much emphasis on the use of the word *"trials"* italicized by the Supreme Court, and in effect contends that the provisions of Rule 41(b) authorize dismissal only at trial. We cannot agree. The substance of the Supreme Court's ruling in Societe Internationale was that Rule 41(b) was not available to dismiss an action when documents were not produced pursuant to a demand made under Rule 34.

We are of the view that Chapter VI of the Federal Rules of Civil Procedure, relating to "Trials", is an appropriate and natural heading for a rule authorizing a motion by a defendant designed to bring a case to trial or cause its dismissal for want of prosecution, and if a plaintiff fails to prosecute, the defendant is entitled to move under the first sentence of Rule 41(b) to dismiss the action "For failure of the plaintiff to prosecute * * *", as Jacquard did here. See Burns Mortgage Co. v. Stoudt, D.C.E.D. Pa.1942, 2 F.R.D. 219, 220.

We know of no other provision of the Federal Rules of Civil Procedure which authorizes dismissal for failure to prosecute. If the provisions of Rule 41(b) quoted above are not applicable, the only remedy available to a defendant to cause the dismissal of an action for want of prosecution would be the local rules of the respective United States district courts, such as the "Two Year" Rule of 1952 of the court below. We cannot believe that this was the result intended by the framers of the Civil Rules.

For these reasons as well as for those stated in our principal opinion we conclude that we have applied correctly the provisions of Rule 41(b) in the case at bar. Accordingly the petition for rehearing will be denied.