**SWEENEY v. ANDERSON and eight
other cases.**

Nos. 2442–2450.

Circuit Court of Appeals, Tenth Circuit.
July 20, 1942.

Lee D. Seelig, of Kansas City, Mo. (Shannon, Seelig & Williams, of Kansas City, Mo., on the brief), for appellant.

Fred M. Harris, of Ottawa, Kan. (Doran, Kline, Cosgrove, Jeffrey & Russell, of Topeka, R. C. Russell, of Great Bend, Kan., Trinkle, Calihan & Tate, of Garden City, Kan., B. W. Kelsey, of Ottawa, Kan., and J. B. McKay, of Eldorado, Kan., on the brief), for appellees.

Before PHILLIPS and HUXMAN, Circuit Judges, and SAVAGE, District Judge.

SAVAGE, District Judge.

The appellant, Martin L. Sweeney, a Congressman from the State of Ohio, on December 21, 1939, instituted nine separate actions against the appellees, newspaper publishers, in the District Court of the United States for the District of Kansas. In each

case Sweeney sought to recover a judgment for damages in the sum of $50,000 on account of alleged libel in publishing a newspaper article on December 23, 1938, appearing under the title "Washington Merry-Go-Round."

The motions to dismiss filed by each of the defendants were overruled. Answers had been filed and each case was at issue by July 30, 1940. On November 17, 1940, a motion for judgment on the pleadings was filed by the defendants in each case. The record does not reflect the disposition made of these motions, but it is admitted that they were overruled.

The defendants on November 16, 1940, withdrew their requests for jury trials which had been endorsed upon their respective answers. On November 19, 1940, Sweeney filed written objections to the withdrawal by defendants of their requests for jury trials and at the same time demanded a trial by jury.

On January 24, 1941, it was agreed by the parties that the case of Sweeney v. Hutchinson Publishing Company et al., should be the first case tried, and that it would be transferred from the March session at Wichita and assigned for trial at the term of court commencing at Topeka in April, 1941.

The several complaints were signed by Thomas Amory Lee, of Topeka, Kansas, and John O'Connor of New York, as attorneys for Sweeney. The Court Clerk at the direction of the Court on March 26, 1941, wrote a letter to Sweeney informing him of the death of Mr. Lee on that date and admonishing him to arrange for other counsel, if necessary, and to be ready for trial on April 14, 1941. A copy of this letter was mailed to Mr. O'Connor. Sweeney, on April 7, responded by a letter to the Court stating that it would be impossible for him to be ready for trial because of Mr. Lee's death and suggested that the case be set for trial in September at Wichita. As a further basis for postponement, he asserted it was essential that he, as a member of Congress, remain at or near Washington because of the national emergency.

The Court promptly replied to this letter on April 10 stating that, if a jury should be waived, the case would be passed and heard at a time which he hoped might be agreed upon by the parties. In addition, the Court expressed the opinion that there were many eminent members of the Kansas bar who would undoubtedly be willing to accept employment. On April 12, Sweeney advised the Court by wire that he would waive a jury trial if the case be continued until he could obtain local counsel and his duties in Congress permitted his attendance at trial. On the same day the Court replied that he would pass the case to a date convenient to both sides, but added that immediate action should be taken to secure counsel in order to avoid too much delay.

On May 5, counsel for the defendants notified Sweeney that unless counsel was obtained in these cases as required by the rules of court and efforts made to agree upon a day for trial, a request would be made of the Court to dismiss all of the cases for want of prosecution. The Court Clerk, on May 21, as instructed by the Court, wrote a letter to Sweeney apprising him that the one case agreed upon for trial was set for hearing on June 16, and that if it could not be tried at that time the Court would dismiss it, as well as the other cases pending, for want of prosecution. A copy of this letter was mailed to Mr. O'Connor.

Sweeney responded with a letter to the Court dated June 5 stating that he had been unable to employ local counsel and reiterating that he considered it necessary that he remain near Washington because of the national emergency; that he had formed an impression from previous correspondence that the case would be passed to the September term at Wichita; and that there was a similar case pending in the United States Circuit Court for the Second Circuit which he expected to be decided within a short time and which, when decided, would likely determine the issues involved in these cases.

On June 11, the Court Clerk wired both Sweeney and his attorney, Mr. O'Connor, that the court had directed that the trial proceed on June 16, unless a continuance to July 1 should be desired. Sweeney on June 12 advised the court clerk by wire that it would be impossible for him to go to trial on June 16, and demanded a jury trial.

When the case was called on June 16, the defendants announced ready for trial. Sweeney did not appear in person or by counsel. The court, upon motion of the defendants, entered an order dismissing each case without prejudice for want of prosecution.

The sole issue for determination here is whether the trial court abused its discretion in refusing to grant a continuance and

758

in dismissing the cases without prejudice for want of prosecution.

■ The elimination of delay in the trial of cases and the prompt dispatch of court business are prerequisites to the proper administration of justice. These goals cannot be attained without the exercise by the courts of diligent supervision over their own dockets. Courts should discourage delay and insist upon prompt disposition of litigation. Every court has the inherent power, in the exercise of a sound judicial discretion, to dismiss a cause for want of prosecution. The duty rests upon the plaintiff to use diligence and to expedite his case to a final determination. The decision of a trial court in dismissing a cause for lack of prosecution will not be disturbed on appeal unless it is made to appear that there has been a gross abuse of discretion. Colorado Eastern Ry. Co. v. Union Pacific Ry. Co., 8 Cir., 94 F. 312; Hicks v. Bekins Moving & Storage Company, 9 Cir., 115 F.2d 406; Cage v. Cage, 5 Cir., 74 F.2d 377; Inderbitzen v. Lane Hospital, 17 Cal.App.2d 103, 61 P.2d 514.

It is contended by Sweeney that it was an abuse of discretion to dismiss the cases for want of prosecution and to refuse to grant a continuance because: (1) there was not sufficient time available to procure Kansas counsel; (2) his duties as a member of Congress required that he remain near Washington; (3) a case involving the same legal question would soon be decided by the Circuit Court of Appeals of the Second Circuit.

■ By agreement of the parties and with the consent of the court the one case agreed upon for trial had been set for trial on April 14. Mr. Lee, local counsel for Sweeney, died on March 26. Upon that day, the court clerk, at the direction of the court, informed Sweeney of Mr. Lee's death and instructed him to obtain Kansas counsel, if necessary, in order to be ready for trial. The ensuing correspondence resulted in a waiver of a jury trial by Sweeney for the purpose of inducing a postponement. The court in advising Sweeney that the case would be passed to a date convenient to both sides urged that he take immediate steps to procure counsel so that there would not be too much delay. On May 5, counsel for defendants informed Sweeney that unless counsel should be obtained and efforts made to agree upon a trial date, the court would be requested to dismiss all of the cases for want of prosecution. On May 21, he was advised by the court clerk that the case had been set for trial on June 16 and, if not tried upon that date, all of the pending cases would be dismissed by the court for want of prosecution. Copies of the correspondence went to Mr. O'Connor. Upon June 16, the day fixed for trial, Sweeney did not appear in person or by counsel. The absence of Mr. O'Connor, attorney of record for Sweeney at every stage of the litigation, is unexplained. It does not appear in the record what effort, if any, was made to employ another Kansas counsel although 81 days intervened between the death of Mr. Lee and the trial date. There is a complete failure to demonstrate that diligence which a court may rightfully expect of a party who seeks to delay the trial of a cause.

■ Sweeney was a member of Congress when these cases were filed. He must have foreseen that he would be required to leave his post of duty to attend the trials. Absent evidence, it cannot be assumed that the national welfare demanded his continued presence in Washington. It is common knowledge that congressmen frequently find opportunities to return to their districts. The offer made by the Court to postpone the trial to July 1 was ignored. It was not made to appear that the national emergency would be less acute in September, the trial date insisted upon by Sweeney. Obviously, his unsupported assertion in correspondence with the court that it was essential that he remain near Washington because of the national crisis did not afford adequate grounds for a continuance.

■■ The paramount issue in these cases was whether the article in question was libelous per se. The answer must be found in the law of Kansas since the publications complained of occurred in that state. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. It follows, therefore, that a decision in the case pending in the United States Circuit Court of Appeals for the Second Circuit could not be determinative of that issue. The decision might have been persuasive but not controlling.

We conclude that the court properly refused to grant a further continuance. It is apparent that the court did not act arbitrarily but rather assumed the commendable attitude of insisting upon a termination of the litigation without undue delay. Having rightfully denied the request for a con-

tinuance, it was not an abuse of discretion for the court to dismiss the cases for want of prosecution when the plaintiff failed to appear on the day assigned for trial.

The judgments are affirmed.