Emma JANOUSEK et al., Appellants,

v.

Louis B. FRENCH, Special Administrator of the Estate of Willis W. French, Deceased, Appellee.

Emma JANOUSEK et al., Appellants,

v.

John MANUS et al., Appellees.

Nos. 16485 and 16486.

United States Court of Appeals Eighth Circuit.

Feb. 23, 1961.

Joseph O. Janousek, Washington, D. C., and John R. Green, St. Louis, Mo., are on the brief, for appellant.

Everett A. Bogue, Vermillion, S. D. and Louis B. French, Yankton, S. D., are on the brief, for appellee.

Before WOODROUGH, VAN OOSTERHOUT, and MATTHES, Circuit Judges.

MATTHES, Circuit Judge.

By these appeals, appellants, hereinafter referred to collectively as plaintiffs, seek relief from orders of the district court entered on March 22, 1960, whereby their actions were dismissed upon the merits and without trial. In the district court the cases were numbered 1156 and 1157, which we shall adopt for the purposes of this opinion.

Although the issue before us involves only the question of whether the trial court abused its discretion in denying plaintiffs' motions for continuance and thereafter entering judgments of dismissal, the history of this litigation is quite complex, and in the interest of clarity, we indulge in a brief summary of events surrounding the entry of the disputed orders.

Plaintiffs are citizens of the State of Maryland. Plaintiff Joseph O. Janousek is an attorney, with offices in Washington, D. C., who appears pro se and as attorney for plaintiffs. Basically, three cases are involved—the two before us on these appeals, and a third, the initial suit, bearing district court No. 1122, which was instituted in September, 1957. The latter will sometimes be referred to as the "townsite suit." In summary, it may be said that the Janousek family, in the townsite action, asserts title to certain land and property located in the townsite of Janousek, Yankton County, South Dakota, and seeks, through allegations of fraud and misconduct, to set aside and annul certain deeds, a 1919 state court trusteeship order, and a 1948 state court title judgment. This Court recently had occasion to rule upon petitions for intervention by various other property owners seeking to join the Janouseks in the townsite action. Those interested in further details may see Kozak v. Wells, 8 Cir., 278 F.2d 104. The situation was aptly described there, at page 108, in these words:

"* * * this case is seemingly bitter argument, over a tract of land, between what are essentially two groups (one consisting of those persons claiming title primarily through the decedent Janousek and the other of those having to do with title transfers through Bruce and defendant Griffin's parents) * * *"

After the townsite action was filed, and in August, 1958, the two suits here involved were instituted. In No. 1156, Willis W. French, now deceased, was the original defendant, and his son, Louis B. French, has been substituted as administrator of the estate. In this action, plaintiffs alleged that French, beginning in 1918, represented plaintiffs in the administration of the estate of Joseph Janousek, deceased, and that he negligently and wrongfully handled the estate, that he breached attorney-client relationships, represented adverse interests, all to the end of depriving plaintiffs of property rights. No. 1157 was brought against appellee Manus, charging him with trespass and damage to plaintiffs' property in Janousek, South Dakota. By order of the trial court on December 23, 1959, plaintiffs were allowed to amend their petition in this suit, joining one Bogue as an additional defendant, alleging that the aforementioned trespass and damage were incited and caused, directly and indirectly by Bogue. It appears that Mr. Bogue, who is an attorney, has represented the interests of various defendants in the townsite action, and that he represents appellees in the two suits before us.

The record reveals that much acrimony has been generated between the parties. Plaintiffs have alleged that there is a general scheme or conspiracy to prevent prosecution of the townsite suit, and that, among other incidents, plaintiff Joseph Janousek has been falsely charged with theft of court files, that a warrant for his arrest has been issued in South Dakota, and that unlawful attempts have been made to extradite him from Maryland. In this respect, it appears

that two additional suits were filed in the district court, one brought by Joseph Janousek as plaintiff (No. 1212) on November 25, 1959, the other by Eunice Janousek (No. 1226). Both of these suits are based upon the Civil Rights Statutes, Title 28 U.S.C.A. § 1343; Title 18 U.S.C.A. §§ 241, 242; Title 42 U.S.C.A. §§ 1983, 1985, whereby it is alleged that Louis French, and various state and county officials are engaged in a conspiracy to deprive plaintiffs of their constitutional rights. In the civil rights actions, defendants are charged with interference with constitutional guarantees of fair trial and proper administration of justice; with the right of public assembly; with the right to representation by counsel; and intimidation of property owners and witnesses, and misuse of public offices and abuse of process. In No. 1226, one Kozak has moved to intervene as a party plaintiff, alleging violations of his civil rights.

In this brief summary of the maze of litigation arising from the townsite action, replete with charges and countercharges of fraud and bad faith, it must be kept in mind that on these appeals, the Court is not concerned with the merits of either plaintiffs' suits, or appellees' defenses thereto. The only question before us is whether the trial court properly exercised its authority in dismissing suits Nos. 1156 and 1157 without trial upon the merits, after refusing to grant plaintiffs' request for continuance. To properly evaluate the action of the trial court, it is necessary to set out a somewhat detailed chronological account of the proceedings leading up to the date of the questioned orders.

In No. 1156, the suit against Willis French, complaint was filed August 15, 1958. On September 4 and September 9, 1958, an answer and amended answer were filed. On March 2, 1959, plaintiffs moved to amend their complaint, adding a second count, and seeking punitive damages. On March 4, 1959, defendant moved for a continuance upon the ground that defendant Willis French had suffered a heart attack and was physically unable to be present for trial. Plaintiffs filed no opposition to this motion, and on March 12, 1959, continuance was granted. On July 21, 1959, a second motion for continuance was filed by defendant, due to the continued illness of Mr. French. Plaintiffs filed an answer to this motion, stating that they did not oppose the continuance, noting that their motion to amend the complaint was still pending. However, plaintiffs requested that dates be set for hearing on various motions pending in No. 1157 and No. 1122, the townsite action, and that after all were disposed of, no further continuances be granted. On July 31, 1959, defendant's second motion for continuance was granted. On December 10, 1959, after the death of Mr. Willis French, defendant filed a motion to dismiss case No. 1156 upon the ground that plaintiffs' cause of action against him did not survive his death.

Momentarily, we give consideration to case No. 1157, the trespass action, which was also filed August 15, 1958: Answer was filed thereto on August 26, 1958; on March 2, 1959, plaintiffs moved for leave to amend their complaint to join Mr. Bogue as defendant, alleging that the wrongful acts were incited by him. Bogue opposed this motion upon the ground that plaintiffs' amendment was made only for the purpose of delay, and he called for an immediate hearing on the motion. On March 12, 1959, the trial court denied Bogue's request for hearing, because proper notice of same had not been sent to plaintiffs' attorney, Mr. Janousek, in Washington, D. C. On July 21, 1959, defendant in No. 1157 moved for a continuance upon the grounds that, (a) the motion to join Bogue was still pending; (b) that No. 1157 depended upon the outcome of case No. 1122 (i. e., plaintiffs' title to the property was in dispute); and (c) that if Bogue were to be joined as defendant, he would require time to prepare his answer and defense. On July 31, 1959, defendant's motion for continuance was granted (plaintiffs not opposing it, but requesting that motions in Nos. 1156,

1157 and 1122 be heard at the same time, and that when all motions were settled, no further continuance be granted). On December 23, 1959, plaintiffs' motion to amend the complaint in No. 1157 was granted, and Bogue was joined as a defendant. On January 26, 1960, defendants Manus and Bogue filed their answers to the amended complaint.

With the cases in this position we turn to the events leading directly to the dismissal of plaintiffs' suits. It should be observed that somewhere during the course of the proceedings, Nos. 1156 and 1157 had been consolidated for the purposes of pre-trial hearings and further proceedings. Pursuant to an order made on March 8, 1960 (apparently the first day of the March term), a pre-trial hearing was had on that same day. It is admitted that plaintiffs had no prior notice of that hearing, but defendant contends that none was necessary within the meaning of Rule 11 of the Rules of the District Court for the District of South Dakota,[1] since the setting for pre-trial hearing was made at the time of the call of the calendar of the term at which the cases were set. The order relating to the proceedings at the March 8 pre-trial hearing recites the fixing of the hearing for 1:00 P.M. on March 8, and states that the defendant appeared and moved for substitution of Louis B. French as administrator of the estate of Willis W. French, deceased; that upon defendant's motion, leave was granted to withdraw the motion for dismissal in No. 1156 based upon the death of the original defendant; and that, inasmuch as plaintiffs' motion to amend the complaint in No. 1156 would not substantially or materially affect the relief demanded, the action was set to be tried or dismissed at the term of court beginning March 8, 1960, in regular order upon the trial calendar.

Under date of March 9, 1960, an air mail letter from the clerk's office was directed to plaintiff Joseph O. Janousek in Washington, D. C., advising that Nos. 1156 and 1157 had been placed on the peremptory call of the jury calendar, and that trial of the jury cases would begin Monday, March 14. In response thereto, plaintiff Eunice Janousek sent a lengthy telegram, dated March 12, 1960, to the Judge of the United States District Court, whereby she advised that she had just received the clerk's letter of March 9th; that she was unable to contact her attorney, plaintiff Joseph Janousek, and that she would be unable to appear on such short notice. She further advised that a written motion for continuance was being prepared and would be mailed the following day, and there was reference to case No. 1212 (the civil rights action pending before the Court), with the request that trial of the case be stayed. Written motions, signed by plaintiff Eunice Janousek, were mailed to the clerk of the court on March 12, 1960. Attached to the motions as exhibits were the letter received from the clerk, dated March 9th, and a copy of the complaint in the civil rights action, No. 1212.

On March 14, 1960, an order was entered denying motions for continuance of these cases upon the grounds that, (a) the motion was presented without any personal appearance by plaintiffs or their counsel; (b) that no notice of such a motion was made on the opening day of the term, and (c) that plaintiffs had failed to comply with Rule 10 of the district court relating to continuances.[2]

---

1. "In all civil cases that are at issue the court will hold a pre-trial conference unless otherwise ordered; such pre-trial conference to be held under the provisions and procedures outlined under Rule 16 of the Federal Rules of Civil Procedure * * * the time and place for such pre-trial conference will be fixed at the time of the call of the calendar of the term at which the case is for trial,

unless fixed by prior order entered by the court, with notice thereof to be mailed by the clerk to all attorneys appearing of record in the case."

2. Rule 10, §§ 1 and 3 of the Rules of Practice of the United States District Court for the District of South Dakota, provides:

"Section 1. No case shall be continued without the consent of the parties, ex-

On Monday, March 22, 1960, in Case No. 1156, this judgment of dismissal was entered:

"The above entitled action came on for trial upon the trial calendar at the regular March 1960 term of the United States District Court in and for the State of South Dakota, Southern Division, at Sioux Falls, South Dakota, at 9:30 o'clock in the forenoon on the 22nd day of March, 1960, and the plaintiff's neither appearing in person nor by attorney, and the defendant Louis B. French, as special administrator of the estate of Willis W. French, deceased appearing in person and by his attorney Everett A. Bogue, and the attorney for the defendant having demanded in open court that said case be tried or dismissed upon its merits, and no proof being made for or on behalf of the plaintiffs in support of the allegations contained in their complaint, it is accordingly, ORDERED, ADJUDGED AND DECREED that the above entitled action be and the same is hereby dismissed upon its merits. * * *"

The order in Case No. 1157 is substantially the same.

Notices of appeal from the orders of dismissal were filed on March 31, 1960, and thereafter, on June 7, 1960, plaintiffs filed motions in the district court pursuant to Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., to vacate the orders of dismissal upon the grounds of misrepresentation and improper conduct of defendants. Various supplemental statements and briefs were subsequently filed in support of the motions to vacate. After perfection of these appeals, and on September 7, 1960, the district court denied the Rule 60(b) motions. We are mindful that at least two circuits have ruled that even though an action is pending on appeal, the district court possesses jurisdiction under Rule 60(b) to entertain motions to vacate the judgment or order from which the appeal was taken. See Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F.2d 349; Ferrell v. Trailmobile, Inc., 5 Cir., 223 F.2d 697; Serio v. Badger Mutual Insurance Company, 5 Cir., 266 F.2d 418, certiorari denied, 361 U.S. 832, 80 S.Ct. 81, 4 L. Ed.2d 73. The record fails to disclose, however, that an appeal was taken by plaintiffs from the action of the court in denying the motions to vacate. In this situation, we have no jurisdiction over the September 7, 1960 orders and confine our review to the appeals from the judgments of dismissal and the records upon which they are based.

■ Rule 41(b) of the Federal Rules of Civil Procedure provides that "(f)or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action * * *." Although the rule authorizes dismissal on motion of defendant, it is a cardinal principle of law that the court may dismiss on its own motion, for Rule 41(b) expressly recognizes and incorporates the inherent power of courts to dismiss actions for lack of diligence in bringing them to trial.[3] The authorities are legion and

---

cept upon the affidavit of the party seeking the continuance or of some person who knows the facts upon which the application is founded. The affidavit shall contain the grounds for the continuance and if the continuance is sought because of the absence of a material witness the affidavit must show that the party applying for the continuance has a valid cause of action or defense, and has used due diligence to prepare for trial, the nature and kind of diligence used, the names and residences of absent witnesses, and the substance of the testimony expected to be given by such witnesses. * * *

"Section 3. Motions for continuances, or to strike from or add cases to the calendar, shall be made at the time the calendar is called, unless the cause alleged therefor shall occur afterward, and must be made by counsel being personally present and not by letter or other means of communication. Stipulations for continuance will not be recognized except for good cause shown."

3. Partridge v. St. Louis Joint Stock Land Bank, 8 Cir., 130 F.2d 281; Hicks v. Bekins Moving & Storage Co., 9 Cir., 115 F.2d 406; Shotkin v. Westinghouse

uniform in holding that the power to dismiss for failure to prosecute lies in the sound discretion of the court.[4]

Resolution of the issue has been troublesome because of the difficulty in determining whether the circumstances form a sufficient basis for the trial court's finding that the plaintiffs had failed to prosecute the action. If so, then necessarily there was no abuse of discretion. The determination of what constitutes an abuse of discretion is not always an easy task. In 5A C.J.S. Appeal & Error § 1583 b, p. 35, we find this statement: "In a legal sense, discretion is abused whenever, in its exercise, a court exceeds the bounds of reason in the circumstances, or exercises its discretion in violation of established or equitable principles. * * *." See also 3 Am.Jur., Appeal & Error, § 959. Discretion cannot be exercised in a vacuum. As stated by this Court in Bowles v. Goebel, 8 Cir., 151 F.2d 671, 674:

"* * * the process of an appellate court in examining exercised discretion for abuse is not one of creating prescriptions and definitions for the curbing of judgment generally, but simply one of viewing the action taken in an immediate case in the relativeness of its entire situation to see whether it compels the conviction that there has not been a responsible exercise in a legal sense of official conscience on all the considerations involved in the situation."

With the foregoing guides in mind, we can not say that the trial court abused its discretion in dismissing the actions. The term of the trial court commenced on March 8, 1960. Plaintiffs' actions here involved had been pending since August 15, 1958. Case No. 1157 had been completely at issue since January 26, 1960. Case No. 1156 had at one time been at issue but on March 8, 1960, there were pending motions by the administrator of defendant French to dismiss on the ground that the action did not survive, and a motion of plaintiffs for leave to amend, filed March 2, 1959, with proposed amendment attached. These pending matters were, pursuant to local rule, disposed of at a pre-trial conference on the first day of the term. Leave was granted plaintiffs to amend, the motion to dismiss was withdrawn, and French's administrator was substituted as a defendant for his decedent. The court by order dated March 14, 1960, found that the pleadings thus settled did not materially change the issues and that said cases would retain their place on the trial calendar for the March, 1960 term.

Rule 40 of the Federal Rules of Civil Procedure gives the trial court a wide discretion in the matter of assigning cases and authorizes trial courts to provide by rule for the assignment of cases. These cases appear to have been assigned for trial pursuant to the applicable local rules.

Plaintiffs have not attacked the validity of the local rules nor have they specifically challenged the propriety of the court's action in assigning the cases for trial. In any event, they have wholly failed to show any abuse of discretion

Electric & Mfg. Co., 10 Cir., 169 F.2d 825; Boling v. United States, 9 Cir., 231 F.2d 926; Ordnance Gauge Co. v. Jacquard Knitting Machine Co., D.C.Pa. 1958, 21 F.R.D. 575, affirmed 3 Cir., 265 F.2d 189, certiorari denied, 361 U.S. 829, 80 S.Ct. 79, 4 L.Ed.2d 72.

4. *Moore's Federal Practice*, Vol. 5, § 41.- 11, p. 1036; Barron and Holtzoff, Federal Practice and Procedure, Vol. 2, § 918; Cyclopedia of Federal Procedure (Third Ed.), Vol. 9, § 29.16, pp. 106- 107; Partridge v. St. Louis Joint Stock Land Bank, 8 Cir., 130 F.2d 281, supra;

Neel v. Barbra, 78 U.S.App.D.C. 13, 136 F.2d 269; Blue Mountain Construction Company v. Werner, 9 Cir., 270 F. 2d 305, certiorari denied, 361 U.S. 931, 80 S.Ct. 371, 4 L.Ed.2d 354; Darlington v. Studebaker-Packard Corporation, 7 Cir., 261 F.2d 903, certiorari denied, 359 U.S. 992, 79 S.Ct. 1121, 3 L.Ed.2d 980; Erick Rios Bridoux v. Eastern Air Lines, 93 U.S.App.D.C. 369, 214 F.2d 207, certiorari denied, 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647; Peardon v. Chapman, 3 Cir., 169 F.2d 909; Sweeney v. Anderson, 10 Cir., 129 F.2d 756.

with respect to the assignment of the cases for trial.

Inherent in the basic question is the problem of whether the court abused its discretion in denying a continuance, as requested by plaintiff Eunice Janousek. The telegraphic and written requests clearly were not in accordance with local rules. The motions were not personally presented by plaintiffs or their counsel as required by the rules. They were not filed on the first day of the term as the rules required, nor was any reason for such failure given. The motions did not comply with the requirement that they be supported by affidavit. An additional and more vital defect appears in that the motions set forth no compelling reason why a continuance should be granted. The movant first asserted that the notice of assignment was too short. Plaintiffs, having this litigation pending, were under an obligation to take notice of the terms of court and the local rules governing assignment of cases, and to keep in touch with the progress of the cases themselves, or through a local attorney.[5] Even though not required to do so, the clerk gave notice to plaintiffs, received not later than March 12, 1960, that the cases were on peremptory call on the jury calendar as the fifth and sixth cases. The cases were not reached for trial in their regular order on the assignment until March 22. We find nothing to indicate that it was impossible for the plaintiffs to be present for the trial or that plaintiffs made any request or attempt to have the cases postponed until a later date in the term. Plaintiffs made

no showing whatever as to when they would be prepared for trial and because of the nature of their other grounds for continuance, hereinafter discussed, it is likely that much time would elapse before plaintiffs were willing to proceed to trial.

The main thrust of the continuance motions is that Joseph Janousek, one of the plaintiffs and counsel for the remaining plaintiffs, allegedly by reason of a conspiracy entered into by state officials and various defendants in the townsite action, has been wrongfully indicted by the Grand Jury of Yankton County, South Dakota, for mutilating and improperly taking certain public records. A complete copy of the complaint in the civil rights action commenced in the district court by Joseph O. Janousek against French, the sheriff, the states attorney, the attorney general, and others, praying for an injunction against the state criminal proceedings and for other relief was attached to the motion. It is apparently plaintiffs' position that the criminal proceedings were wrongfully instituted and that Joseph Janousek cannot safely enter South Dakota until said proceedings are terminated, and it is apparently plaintiffs' hope to eliminate such proceedings through the civil rights action. There is no showing when the civil rights action may be reached and disposed of, and it is by no means certain that the result sought will be accomplished by such action.[6]

We do not believe that the trial court as a matter of law was compelled to accept the allegations of the civil rights petition as being true or that it was

---

5. "As a general rule, in the absence of a statute or rule of court to the contrary, the parties to a cause, where the court has properly obtained jurisdiction over them, are not entitled to a notice of the trial, or of the fixing of a day for trial, or of a setting for trial * * *. The parties are under a duty without notice to take cognizance of a regular term of court and to be present in person, or through counsel to protect their interests, to follow their case in all its aspects until finally disposed of, to keep themselves informed of the time their case is set for trial, and to take notice

of the time and place of trial and of when their presence is required." 88 C.J.S. Trial § 11, pp. 39–40. It has often been observed that a court has inherent power to dismiss, without notice. See also and compare Cage v. Cage, 5 Cir., 74 F.2d 377; Commercial Casualty Ins. Co. v. White Line T. & S. Co., 8 Cir., 114 F.2d 946; Zielinski v. United States, 2 Cir., 120 F.2d 792, 793; Sweeney v. Anderson, 10 Cir., 129 F.2d 756.

6. This is not the proper time or place to attempt to adjudicate Mr. Janousek's civil rights action. However, it is far

compelled to reach the conclusion that the pendency of such action mandatorily required a continuance in these cases. The indictment was returned in November, 1959, and even if Mr. Janousek did not choose to appear in South Dakota by reason of the pendency of such criminal proceedings, no showing is made why other legal counsel could not have been obtained in ample time to properly conduct the present litigation.

The motions contain other allegations, such as alleged misconduct of the defendants and their counsel in related litigation and a claim that Bogue and his co-conspirators in aid of the scheme have obtained the assistance of persons of ill repute, among them an employee of the attorney general of Maryland whose aid was sought in an attempt to extradite Janousek to face the South Dakota charges.

Due consideration of the motions as a whole satisfies us that the plaintiffs have failed to establish that they were entitled to a continuance as a matter of law for any of the reasons urged. The court did not abuse its discretion in denying the motions for continuance.

The record discloses that plaintiffs were involved in a number of suits against various people for claims arising out of the townsite dispute. The trial court had previous contact with this and the related litigation. The trial court from its personal observations and from the knowledge of the status of its calendar was in a better position to judge what justice required under the circumstances than we are on the cold record. A trial court must have a broad discretion in the making of trial assignments and in holding parties to assignments reasonably made in the absence of valid grounds for continuance. Such authority is necessary to facilitate the orderly trial of cases and the wise use of judicial manpower, court officials and jurors.

from certain that he is entitled to the relief he seeks. See 28 U.S.C.A. § 2283, and annotations thereto at note 34, and

It is our view that the plaintiffs have wholly failed to meet the heavy burden placed upon them of demonstrating that the trial court abused its discretion in making the orders setting the cases for trial and denying the continuances, and in dismissing the actions when the plaintiffs failed to appear when the cases were reached for trial in their regular order on the trial assignment.

The judgments of dismissal are

Affirmed.

Byrd v. Sexton, 8 Cir., 277 F.2d 418, certiorari denied, 364 U.S. 818, 5 L.Ed.2d 48.