NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

HIJOS DE RICARDO VELA, INC., and
Vela Distributing Corp., Respondents.

No. 72–1084.

United States Court of Appeals,
First Circuit.

Heard Feb. 8, 1973.

Decided March 5, 1973.

John D. Burgoyne, Washington, D. C., with whom Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Judith Wilkenfeld, Washington, D. C., were on brief, for petitioner.

Pedro E. Purcell Ruiz, Santurce, P. R., with whom George L. Weasler, Santurce, P. R., was on brief, for respondents.

Before COFFIN, Chief Judge, and McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

The National Labor Relations Board (the "Board") has made application under Section 10(e) [1] of the National Labor Relations Act (the "Act") for enforcement of its order dated November 30, 1971, requiring the respondent companies affirmatively to remedy unfair labor practices which a Board Trial Examiner found them to have committed.

The respondents now concede that they are a single integrated employer, as the Examiner found. They also concede that the evidence presented to the Examiner "clearly establishes" that Joseph A. Crespo—an employee of the respondents whom they discharged because of his union membership and activities—was not a "supervisor" as defined in Section 2(11) of the Act.[2]

Only one issue remains of the three originally raised in the respondents' exceptions to the Trial Examiner's Proposed Report and Recommended Order. That is whether the Trial Examiner's refusal to postpone the hearing was an abuse of discretion. If a continuance had been granted, respondents now assert that they were "ready, willing and able" to present evidence that Crespo was a supervisor, notwithstanding his contrary testimony and that of fellow-employees. As it was, the hearing took place in the absence of the respondents' officers and counsel.

We hold that the Trial Examiner acted fairly and within her authority in denying a continuance.

On April 28, 1971, the Board's Regional Director issued a complaint against the respondents, giving written notice that a hearing would be held in Hato Rey on Wednesday, May 26, 1971, (the hearing site was a very short distance from the office of respondents' counsel in Santurce). On May 1, 1971, the respondents filed an answer. On Friday, May 21, 1971, shortly before 5 p. m., respondents' counsel telephoned the Board's regional office and unsuccessfully sought a postponement of one week or more, asserting that he had conflicting engagements during the forthcoming week. He next telephoned the Trial Examining Division in Washington with the same request, but was told that since a trial examiner had been assigned, the matter was out of its hands. The attorney then conveyed the request for postponement in a letter addressed to the regional director. The letter was received on Monday, May 24. A reply telegram was sent that day denying the postponement "without prejudice to being renewed before the Trial Examiner at the opening of hearing."

On Tuesday, May 25, respondents' counsel went to the offices of the Board

---

1. 29 U.S.C. § 160(e).

2. 29 U.S.C. § 152(11). Apart from the concession, our review of the transcript satisfies us that substantial evidence supports the finding that Crespo was not a supervisor. The Board's order requires his reinstatement.

and introduced himself to the Trial Examiner. He made no mention to her of any request for a postponement.[3]

On Wednesday, May 26, the hearing opened at the appointed time and place. Everyone was present except the respondents' counsel and their presidents, both of whom had been subpoenaed to attend. The Examiner delayed the hearing to afford respondents' attorney further opportunity to appear or explain his failure to do so. About an hour later, a telegram was received from counsel stating that he could not attend for reasons previously advanced to the regional office counsel, and requesting a postponement until any day after June 5 except June 9. The Examiner asked government counsel to state the "reasons previously advanced" by the respondents. Counsel reported as follows: respondents' counsel had made a collective bargaining commitment; he first had said he would be able to resolve the conflict or at least have his associate present at the hearing; on Friday he had advised the regional office he would not be able to resolve the conflict and had sought a postponement; the regional office had said it would agree to a one-day postponement, but respondents' counsel had declined to accept that. Government counsel reported having phoned the office of respondents' counsel that morning and having been told the latter was unavailable and could not be reached.

The examiner then denied the postponement, so notifying respondents' counsel by telegram and telephone. She proceeded with the hearing.

Late the next day, the hearing still continuing, government counsel telephoned the office of respondents' counsel. He was out. A message was left

that the hearing had been adjourned until 11 a. m. on Friday, and to put in a defense if he desired. No further word was received.

On Friday, government counsel advised the Examiner that the regional office had just been told by respondents' counsel that the latter had sent a telegram requesting that, at the close of General Counsel's case, he be given an indefinite postponement. The regional attorney had suggested that respondents' counsel appear personally and give his grounds for the request. To this suggestion, respondents' counsel was reported to have replied that he did not have the time to come over, he had more important matters to attend to, and did not want to be bothered in coming.

Thereafter the Examiner, at 12:20, recessed until 4 p. m., stating that if the request for postponement had by then been received, she would rule on it, depending upon its nature and the reasons advanced for postponement. Respondents' attorney was so advised by telephone; and at 1:49 p. m. a telegram was received from him moving that the hearing be postponed for "a reasonable time so counsel can order transcript and otherwise present defenses." Government counsel, at 4 p. m., also reported receiving a phone call from respondents' counsel that he would not be coming in at 4 p. m.

The Examiner then ruled to deny any postponement, "as no adequate reason has been presented for his failure to appear at any time during the hearing in person and to advance reasons to warrant granting a postponement."

Some two months later, respondents' counsel filed with the Trial Examiner a motion to reopen the record. The mo-

---

3. Counsel states in an affidavit that after introducing himself he went to look for opposing counsel so as to bring him back before the Examiner for discussion of a postponement. Being unable to locate opposing counsel, he left. Counsel attributes his reticence to ethical qualms about *ex parte* discussions. We can perceive nothing that would have prevented his telling the Examiner that he would like to see her about a postponement, with other counsel, at her and their earliest convenience; nor can we see why he failed to file a written motion placing the postponement request formally before her.

tion was denied as was a later request to the Board to remand to the Examiner.

 The Examiner neither abused her discretion nor denied due process to the respondents in refusing to postpone the proceedings. Given the lateness of the initial request, it was appropriate for Board officials to refer it and counsel to the designated Trial Examiner for a ruling. Nothing thereafter justified counsel's studied refusal personally to present, on the record and in the presence of the other interested parties, his reasons for a continuance.[4] Nothing suggests that the Examiner was unprepared to give fair consideration to whatever facts might have been presented favoring postponement. The General Counsel would apparently have acquiesced in at least a one-day postponement. The Examiner's responsibility was to weigh the inconvenience and possible unfairness to others of a postponement against the particulars of counsel's asserted hardship. She had every right, under the circumstances, not to credit counsel's telegraphic *fait accompli*. Barring illness or other like emergency not present here, those responsible for hearings and trials may insist upon the personal appearance of counsel seeking a continuance. Counsel had an associate, and could have engaged other co-counsel in the unlikely event that his calendar was so crowded as to preclude his appearing even for the limited purpose of requesting a continuance. Had he so appeared, we do not intimate that the Examiner would have been bound to grant the request; that was a matter within her sound discretion. But his absence entitled her to assume the worst about his motives. We do not see, in fairness to the government and the charging party, how the Examiner could have acted differently. *See* N. L. R. B. v. Taxicab Drivers Union, Local 777, 340 F.2d 905, 908–909 (7th Cir. 1964). N.

L. R. B. v. Somerville Buick, Inc., 194 F.2d 56, 59 (1st Cir. 1952). N. L. R. B. v. Somerville Cream Co., 199 F.2d 257, 258 (1st Cir. 1952). Lloyd A. Fry Roofing Co. v. N. L. R. B., 222 F.2d 938, 940 (1st Cir. 1955). As counsel and the respondents had ample notice and were afforded opportunity to be heard, they were not denied due process simply because they chose not to attend. *See* N. L. R. B. v. Jones & Laughlin Steel Corp., 301 U.S. 1, 25, 47, 57 S.Ct. 615, 81 L.Ed. 893 (1937). Nor were the Examiner and Board under any obligation to permit respondents to cure their default in a reopened proceeding.

Some penalty should attach to taking up our time with such a meritless contention. N. L. R. B. v. Smith & Wesson, 424 F.2d 1072, 1073 (1st Cir. 1970). The order will be enforced and the Board will be awarded double costs.

---

4. We are unmoved by the suggestion that the Examiner had a duty sua sponte to check the Board's files to see if other matters were demanding of counsel's time. *It was counsel's responsibility to call* such matters to the Examiner's attention. Nor, after absenting himself, can counsel now complain of alleged self-serving statements made out of his presence to the Examiner by government counsel.