**In re J & A CONCRETE CONTRAC-TORS, INC., Debtor.**

**Bankruptcy No. 5-55-00221.**

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Feb. 10, 1986.

Victor A. Speert, San Antonio, Tex., for debtor.

## DECISION ON MOTION FOR RECONSIDERATION

ARTHUR N. VOTOLATO, Bankruptcy Judge.

On August 15, 1985, an order was entered denying the debtor's Motion for Continuance and dismissing the debtor's Application to Redeem Tangible Personal Property from Brooksfield Bank. After considering the arguments in the Debtor's Motion for Reconsideration, and for the following reasons,[1] we affirm our August 15 order.

In a letter dated June 26, 1985, debtor's counsel, Victor Speert, Esq., allegedly informed the Clerk's Office and Bankruptcy Judge Joseph Elliott that he would be traveling outside of Texas between August 13 and 20, 1985, and requested that matters in which he was counsel of record not be set for hearing during that period.[2] Debtor's Motion for Reconsideration at 1. On July 26, 1985, after receiving notice that the instant Application to Redeem had been scheduled for hearing on August 13, 1985, counsel filed a Motion for Continuance, together with a proposed order. Mr. Speert maintains that he was advised by several Clerk's Office employees that "the orders granting the continuance would be signed" (Debtor's Motion for Reconsideration at 2), but no formal action on his Motion for Continuance was ever taken.

On August 13, 1985, when the debtor's Application to Redeem was called for hearing and Mr. Speert (the movant) did not appear, we dismissed the application. In support of his argument that dismissal was improper, Speert contends that he is "completely blameless and free of any negligence, save for his not telling Judge Votolato about the continuance which Victor A. Speert believes had already been signed by Judge Elliott." Debtor's Motion for Reconsideration at 3. Reference to certain statements made by the Court, in Mr. Speert's presence, demonstrates why we are unable to accept his protestation of blamelessness.

On August 12, 1985, one day prior to the date in question, when Mr. Speert *was* in court in connection with matters scheduled for hearing on that date, it was announced from the bench[3] that since I had been assigned to help clear a congested calendar and would be in the District as a visiting judge for only one week,[4] there would be no continuances of matters duly scheduled for that week. Mr. Speert's "inability" to recall that the subject of continuances was raised in court on August 12, 1985 is consistent with other inaccuracies and distortions contained in his version of the events leading up to our August 15 order. For example, the assertion that this writer agreed to a continuance in a telephone conference on the day Speert was supposed to be in court is ludicrous. Debtor's Motion for Reconsideration at 3. Mr. Speert's telephone call was placed from Massachusetts, after we were unable to reach him at his office. Such misstatements do little to enhance Mr. Speert's credibility or the veracity of his other allegations.

▓▓▓ As to his contention that he was advised that an order granting the continuance would be signed, Mr. Speert knows (or should know) that ex parte discussions with

---

**1.** This decision constitutes our findings of fact and conclusions of law. *See* Bankruptcy Rules 7052 and 9014, and Fed.R.Civ.P. 52.

**2.** Mr. Speert did not provide us with a copy of the June 26 letter referred to in his Motion for Reconsideration, but this decision supposes that such a letter was indeed sent.

**3.** *See* TR. *In re Ronald Lee and Kathy Cordery,* BK No. 5–84–02170, August 12, 1985.

**4.** "A certificate of need having been filed ... [i]t is ... ordered that Bankruptcy Judge Arthur N. Votolato, Jr. be assigned to serve temporarily in the Western District of Texas for the period August 12, 1985, through August 16, 1985." Order of Temporary Assignment, July 19, 1985.

clerical personnel are not a substitute for court authorization, and that judicial approval is required, even where the request for continuance is consented to by opposing counsel. *See Sensormatic Security Corp. v. Sensormatic Electronics Corp.,* 97 F.R.D. 725, 726 (D.D.C.1983) ("[c]ounsel are reminded that it is for the *Court,* not the parties, to grant extensions of time in cases pending before it"). Further, granting of continuances is always within the sound discretion of the trial court, even if counsel is absent on business in another state. *See, e.g., Community National Life Insurance Co. v. Parker Square Savings and Loan Assoc.,* 406 F.2d 603 (10th Cir.1969); *Soper v. Crystal Palace Gambling Hall, Inc. (In re Crystal Palace Gambling Hall, Inc.),* 36 B.R. 947, 956 (B.A.P. 9th Cir.1984).

Had the Motion for Continuance been acted upon by Judge Elliott, all concerned would have received notice pursuant to Bankruptcy Rule 9022, which provides that "[i]mmediately on the entry of [an] ... order the clerk shall serve a notice of the entry ... on the contesting parties...." When Mr. Speert appeared in court on August 12, 1985, he was clearly on notice that his Motion for Continuance had not been granted and that this matter was scheduled for hearing on the following day. At that point, when he was before the Court, it was counsel's obligation to present argument in support of the desired continuance. "Barring illness or other like emergency not present here, those responsible for hearings and trials may insist upon personal appearance of counsel seeking a continuance." *N.L.R.B. v. Hijos de Ricardo Vela, Inc.,* 475 F.2d 58, 61 (1st Cir.1973). Our statements from the bench on August 12, 1985, in Mr. Speert's presence, leave no room for his alleged surprise. When Mr. Speert got the Court's drift on August 12, he plain and simply decided not to show on the 13th, and placed himself irretrievably beyond the Court's power to compel his attendance. Mr. Speert certainly had the option to act as he did, but not without exposure to the consequences with which he has been visited.

■ We take judicial notice of (and reemphasize) the fact that we are only one in a series of visiting judges assigned by designation to reduce a crowded docket resulting from the permanent sitting judge's illness and eventual retirement. *See Memphis Bank & Trust Company v. Brooks,* 10 B.R. 306 (W.D.Tenn.1981); *Rovzar v. Chemical Sales and Service Co. (In re Saco Local Development Corp.),* 30 B.R. 862 (Bankr.D.Me.1983). *See also* Fed.R. Evid. 201. During the week of August 12, local counsel were cooperative and helpful in disposing of as many matters as possible, and it is in this context that Mr. Speert's actions are notable, since he knowingly failed to appear for twelve scheduled hearings.

In *Janousek v. French,* 287 F.2d 616 (8th Cir.1961), the Court of Appeals affirmed the District Court's dismissal of an action because of plaintiffs' failure to appear when the case was called for trial, holding that there had not been an abuse of discretion in denying plaintiffs' request for continuance:

> The trial court from its personal observations and from the knowledge of the status of its calendar was in a better position to judge what justice required under the circumstances than we are on the cold record. A trial court must have a broad discretion in the making of trial assignments and in holding parties to assignments reasonably made in the absence of valid grounds for continuance. Such authority is necessary to facilitate the orderly trial of cases and the wise use of judicial manpower, court officials and jurors.

*Id.* at 623.

■ The quoted excerpt from *Janousek v. French, supra,* is particularly applicable to the facts under consideration. In view of our intention (clearly and unequivocally expressed in counsel's presence) to hear all scheduled matters during our short stay, upon reconsideration we affirm dismissal of the Application to Redeem.

■ We also affirm that portion of the August 15 order which required Mr. Speert to pay to Ronald Hornberger, Esq., counsel for the trustee, the sum of $150, for attorneys' fees and expenses incurred in preparing for, traveling to, and attending the duly scheduled and noticed hearing. *See* Bankruptcy Rule 7054 (which authorizes the Court to allow costs to the prevailing party). *See also Connolly v. Papachristid Shipping, Ltd.*, 504 F.2d 917, 920 (5th Cir. 1974) ("a court has the inherent power to manage its calendar and to guarantee that errant lawyers and parties recognize that it has the power to impose reasonable and appropriate sanctions to ensure that its orders are complied with").