**NATIONAL LABOR RELATIONS BOARD v. SOMERVILLE CREAM CO., Inc.**

No. 4642.

United States Court of Appeals
First Circuit.

Oct. 22, 1952.

James A. Ryan, Washington, D. C. (George J. Bott, Gen. Counsel, David P. Findling, Asst. Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, and Fannie M. Boyls, Washington, D. C., on brief), for petitioner.

James Charles Roy, Boston, Mass., for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

The National Labor Relations Board petitions for enforcement of an order issued by it on August 17, 1951, directed against respondent, Somerville Cream Company,

Inc. The order is in the usual remedial terms, predicated upon administrative findings that respondent had committed certain unfair labor practices. The Board submitted its case on brief and oral argument. Respondent submitted on the record by leave of court.

A hearing on the complaint was held before a Trial Examiner commencing April 3, 1951. Counsel for respondent appeared, for the sole purpose of presenting a medical affidavit as to the illness of respondent's president, upon the basis of which an indefinite postponement of the hearing was requested. The affidavit affirmed that the president was suffering from a form of thrombosis which affected his sense of balance, so that he was unable to walk alone. Two previous postponements had been granted by the Board. Counsel for the Board opposed a further continuance, but expressed his willingness to have the Trial Examiner hold a hearing in the president's home for the purpose of taking his testimony. The Trial Examiner said he would entertain a motion by respondent for the taking of the president's deposition. Neither of these suggestions was embraced by counsel for respondent.

The Trial Examiner denied the application for a further postponement, whereupon counsel for respondent left the hearing. The hearing of the Board's case then proceeded, in the absence of respondent. There was testimony by respondent's treasurer that the president, despite his illness, was able, with assistance, to come to the office for short periods, and that the treasurer frequently called at the president's house to discuss business matters with him.

After the hearing, the Trial Examiner filed his Intermediate Report and Recommended Order. Pursuant to the Board's rules and regulations, respondent filed its exceptions to the Intermediate Report, as follows:

"1. The denial of the Trial Examiner of the Respondent's request for motion of postponement of the hearing * * *.

"2. The findings of fact of the Trial Examiner and the recommendations of the Trial Examiner."

■ Upon review of the case, the Board ruled that the Trial Examiner had not abused his discretion in denying respondent's request for a further adjournment of the hearing; and with this ruling we are in entire accord. N. L. R. B. v. Somerville Buick, Inc., 1 Cir., 1952, 194 F.2d 56.

■ With reference to the second exception to the Trial Examiner's report, it might perhaps be doubted whether such a blanket, unspecified objection to the Trial Examiner's findings would entitle this court to examine the sufficiency of the evidence to support the findings that respondent was guilty of unfair labor practices. Cf. N. L. R. B. v. Auburn Curtain Co., Inc., 1 Cir., 1951, 193 F.2d 826. At any rate, from an examination of the transcript we are satisfied that the Board's evidence (which was all the evidence there was) amply supports the findings of the Trial Examiner, which were adopted by the Board, as to the commission of the unfair labor practices. The terms of the remedial order are appropriate in view of the particular unfair labor practices found to have been engaged in by respondent. The evidence in the transcript also satisfies us that respondent was subject to the National Labor Relations Act, as amended, 29 U.S.C.A. § 151 et seq., and that the Board had jurisdiction to enter the order in question.

A decree will be entered enforcing the order of the Board.