**LLOYD A. FRY ROOFING COMPANY,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**
No. 4911.

United States Court of Appeals
First Circuit.
June 6, 1955.

---

Allan A. Tepper, Boston, Mass., with whom Snyder & Tepper, Boston, Mass., was on brief, for petitioner.

John Francis Lawless, Washington, D. C., with whom David P. Findling, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Arnold Ordman, Atty., Washington, D. C., were on brief, for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

The petitioner, Lloyd A. Fry Roofing Company, pursuant to Sec. 10(f) of the National Labor Relations Act, as amended, 61 Stat. 136, 29 U.S.C.A. § 151 et seq., seeks review of an order of the National

Labor Relations Board and the Board has filed an answer to this petition and also a cross petition, under Sec. 10(e), requesting enforcement of its order.

The Board ordered the petitioner to cease and desist from unfair labor practices in violation of Sec. 8(a) (1) and (3) of the Act, 29 U.S.C.A. § 158(a) (1) and (3). Affirmatively, the order requires petitioner to offer full reinstatement to James Gullotti and Alphonso Castagno, with back pay and to post the usual notices. The Board in its decision and order adopted the findings, conclusions and recommendations of the trial examiner and in addition found that certain statements made by petitioner's general superintendent and assistant general superintendent constituted violations of Sec. 8(a) (1) of the Act, the Board stating that the omission of such a formal finding in the trial examiner's report was due to inadvertent failure.

The petitioner contends that it was denied a fair hearing and due process of law in that: (1) the trial examiner improperly denied petitioner's request for postponement of the hearing on account of the illness of petitioner's general superintendent, (2) the Board erred in refusing to furnish petitioner with certain particulars and (3) the trial examiner was biased and prejudiced against the petitioner.

The petitioner further contends that the Board's findings as to the discriminatory discharges of Gullotti and Castagno were not supported by substantial evidence on the record considered as a whole; that the Board erred in holding that the conduct for which Gullotti and Castagno were discharged was protected activity under Sec. 7 of the Act, and that the Board's finding that petitioner had interfered with, restrained and coerced its employees in violation of Sec. 8(a) (1) is not supported by substantial evidence on the record considered as a whole.

■ The refusal of the trial examiner to postpone the hearing because of the illness of the petitioner's general super-intendent was not an abuse of discretion and it did not result in prejudice to the petitioner nor in a denial of due process. See National Labor Relations Board v. Somerville Cream Co., 1 Cir., 1952, 199 F.2d 257; National Labor Relations Board v. Somerville Buick, 1 Cir., 1952, 194 F.2d 56. The weakness of petitioner's contention that this action of the trial examiner resulted in prejudice to its case is indicated by the fact that it was petitioner's counsel who originally requested that the general superintendent's testimony be taken by deposition in order not to delay the hearing, and this was exactly the procedure that was subsequently followed by the trial examiner.

■ It is also apparent from the record that the petitioner was not prejudiced by the failure of the Board to furnish particulars with regard to the petitioner's alleged questioning and threatening of employees concerning union activities in violation of Sec. 8(a) (1). Petitioner was informed of the month when these alleged violations occurred and also that its general superintendent and assistant general superintendent were the officials who took part in these violations. Under these circumstances the information contained in the complaint was sufficient to acquaint the petitioner with the charges of the Board and the issues which would be considered at the hearing. See National Labor Relations Board v. S. W. Evans & Son, 3 Cir., 1950, 181 F.2d 427, 431.

■ The petitioner's contention that the trial examiner was biased and prejudiced against it does not warrant extended discussion. The argument in support of this charge seems to be principally centered upon the trial examiner's acceptance of the testimony of the Board's witnesses rather than that of the petitioner's witnesses. The Supreme Court said in National Labor Relations Board v. Pittsburgh S. S. Co., 1949, 337 U.S. 656, 659, 69 S.Ct. 1283, 1285, 93 L.Ed. 1602, that "* * * total rejection of an opposed view cannot of itself impugn the integrity or competence of a

trier of fact." See also Judge Hutcheson's statement in National Labor Relations Board v. Robbins Tire & Rubber Co., 5 Cir., 1947, 161 F.2d 798, 800, which was quoted with approval by the Supreme Court in Pittsburgh S. S. Co., supra, 337 U.S. at page 659, 69 S.Ct. at page 1285:

> "The fact alone * * * of which Respondent makes so much, that Examiner and Board uniformly credited the Board's witnesses and as uniformly discredited those of the Respondent, though the Board's witnesses were few and the Respondent's witnesses were many, would not furnish a basis for a finding by us that such a bias or partiality existed and therefore the hearings were unfair. Unless the credited evidence * * * carries its own death wound, that is, is incredible and therefore, cannot in law be credited, and the discredited evidence * * * carries its own irrefutable truth, that is, is of such nature that it cannot in law be discredited, we cannot determine that to credit the one and discredit the other is an evidence of bias."

In the instant case the evidence presented by the Board was not incredible nor was the petitioner's evidence of such a nature that it could not be discredited. Unlike Local No. 3, etc., v. National Labor Relations Board, 8 Cir., 1954, 210 F.2d 325, certiorari denied Local No. 3, etc., v. Wilson & Co., 348 U.S. 822, 75 S.Ct. 36, cited by the petitioner, there is not present in the instant case corroboration of the petitioner's evidence by surrounding facts and circumstances such as would convince us that the trial examiner's discrediting of the petitioner's witnesses was caused by his bias and prejudice against the petitioner.

■■ The petitioner's charges that the Board's findings of violations of the Act were unsupported by substantial evidence imposes on this court a duty to review the entire record and we must take into account in estimating the substantiality of the evidence "* * * whatever in the record fairly detracts from its weight." Universal Camera Corp. v. Labor Board, 1951, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456. Upon application of this standard we are of the opinion there is substantial evidence on the record considered as a whole that Gullotti and Castagno were discharged in violation of Sec. 8(a) (3) of the Act, and, therefore, the petition of enforcement is granted insofar as their reinstatement and right to back pay is concerned.

■ More difficulty is caused by the Board's finding that certain statements made by petitioner's general superintendent and assistant general superintendent to Castagno were threats which constituted violations of Sec. 8(a) (1) of the Act. If the assistant general superintendent's inquiry as to why Castagno did not go to him or other people in the plant, which followed Castagno's statement that the union would help the employees, stood alone there would not be substantial evidence in support of the Board's finding. However, Castagno further testified that the general superintendent had told him that if the employees joined the union they and their families might be sorry. This remark in the circumstances here could be construed as a threat in violation of Sec. 8(a) (1). There was also other evidence presented by the Board which tended to show that an implied threat had been made to another employee by the assistant general superintendent. On the record as a whole there thus appears to be substantial evidence supporting the Board's finding that the petitioner was guilty of restraining or coercing its employees from exercising their rights under Sec. 7 to join or assist labor organizations.

The petition of Lloyd A. Fry Roofing Company to review and set aside the order of the Board is denied and a decree will be entered enforcing that order.