**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**RAWAC PLATING COMPANY, Respondent.**

**No. 19690.**

United States Court of Appeals, Sixth Circuit.

Feb. 20, 1970.

Ira Goldberg, Atty., N. L. R. B., Washington, D. C., for petitioner, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Robert A. Giannasi, Madge F. Jefferson, Attys., N. L. R. B., Washington, D. C., on brief.

Argued by Thomas E. Hackett, Springfield, Ohio, for respondent, Hackett & Malina, Springfield, Ohio, on brief.

Before McCREE, COMBS and BROOKS, Circuit Judges.

## PER CURIAM.

■■ The National Labor Relations Board seeks enforcement of its order, reported at 172 N.L.R.B. No. 180 (Aug. 20, 1968), finding respondent Rawac Plating Company in violation of §§ 8(a) (3) and 8(a) (1) of the National Labor Relations Act, 29 U.S.C. §§ 158(a) (3), 158(a) (1). The Board found that the company discharged six of its employees because of their union sympathies and coercively interrogated its employees about union activities. Respondent denies that there was coercive interrogation and claims that there were valid business reasons for the discharges, and that it was just coincidence that they occurred during a union organizing campaign. It is, of course, the Board's function and not ours to resolve questions of fact and credibility when there is conflict in the testimony. If there is substantial evidence to support the Board's findings, they must be accepted by this court. National Labor Relations Act, § 10(e), 29 U.S.C. § 160(e); Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); N. L. R. B. v. Challenge-Cook Bros. of Ohio, Inc., 374 F.2d 147, 152 (6th Cir. 1967). Our examination of the record discloses substantial evidence to support the findings of the Board.

■ Respondent asks us to deny enforcement because the Board's Trial Examiner refused to grant the company a second continuance after its president had suffered a heart attack. It appears from the record that respondent was not prejudiced by this denial. Respondent's attorney made a proffer of evidence which the company's president could

have supplied on regaining his health, but all of this proffered testimony concerned his conversations with other officers and supervisory personnel, to which the latter were competent and able to testify. Under these circumstances the denial of a continuance was not an abuse of discretion. *See, e. g.,* N. L. R. B. v. Dal-Tex Optical Co., 310 F.2d 58, 62 (5th Cir. 1962); Lloyd Fry Roofing Co. v. NLRB, 222 F.2d 938, 940 (1st Cir., 1955).

The order of the Board is enforced.