**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**Ronald HACKENBERGER d/b/a Ron's Trucking Service, Respondent.**

**No. 75–1800.**

United States Court of Appeals, Sixth Circuit.

March 9, 1976.

Elliott Moore, W. Christian Schumann, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D. C., Bernard Levine, Director, Region 8, N.L.R.B., Cleveland, Ohio, for petitioner.

Goldfarb & Reznick, Alan M. Rauss, Bernard S. Goldfarb, Cleveland, Ohio, for respondent.

Before PECK, McCREE and MILLER, Circuit Judges.

## ORDER

This case is before the Court upon application of the National Labor Relations Board pursuant to Section 10(e) of the National Labor Relations Act, (29 U.S.C. Sec. 151 et seq.) for enforcement of its order issued against Ronald Hackenberger, doing business as Ron's Trucking Service, and finding that the defendant company had violated Sec. 8(a)(3) and (1) of the Act by discharging employee, William Brown, because of his protected union activities in conducting a campaign among his fellow employees to organize support for representation by the union. The Board's decision and order are reported at 217 NLRB No. 128.

 Upon an examination of the record, and upon consideration of the briefs and oral arguments, we are of the opinion that the Board's findings that the company violated Sec. 8(a)(3) and (1) of the Act in discharging employee, William Brown, are supported by substantial evidence.

 The Board's determination cannot be overruled on the basis of the Administrative Law Judge's refusal to grant the company's motion for a continuance of the hearing. Whether or not a continuance should be granted is a matter which lies within the Board's discretion and absent a showing of clear abuse of discretion by the Board and prejudice to the moving party, its refusal to grant the continuance will not be disturbed. *National Labor Relations Board v. Rawac Plating Company,* 422 F.2d 1259, 1261 (6th Cir. 1970). It is strenuously argued by the company that the Board erred in denying the company's motion for discovery pursuant to the Federal Rules of Civil Procedure. This contention on the part of the company must be rejected on the basis of our recent ruling in *National Labor Relations Board v. Valley Mold Company, Inc.,* 530 F.2d 693, decided February 17, 1976, No. 75–1292. In that case this Court held that the National Labor Relations Act "does not require the Board to follow the discovery procedures set forth in the Federal Rules of Civil Procedure." As further held in that case:

. . . Since there is no specific provision in the Act for discovery procedures, it is the responsibility of the Board, so long as it conforms to the requirements of due process, to formulate its own rules as to when discovery is available to a party.

It is therefore ordered and adjudged that the Board's order of May 2, 1975, be enforced in full in accordance with its terms.