**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**FRANKLIN PROPERTY COMPANY, INC., d/b/a the Hilton Inn, Respondent.**

No. 77–1726.

United States Court of Appeals, Sixth Circuit.

March 20, 1980.

Elliott, Moore, Elinor H. Stillman, Deputy Associate Gen. Counsel, Morton Namrow, Richard L. Brooks, N. L. R. B., Washington, D.C., for the N. L. R. B.

Warren M. Davison, Earle K. Shawe, Shawe & Rosenthal, Patrick M. Pilachowski, Baltimore, Md., for respondent.

Before MERRITT and MARTIN, Circuit Judges, and PECK, Senior Circuit Judge.

## ORDER

On November 8, 1976, Hotel, Motel, Restaurant Employees and Bartenders Union, Local 12, filed unfair labor practice charges against Franklin Property Company, Inc. d/b/a The Hilton Inn. The charges alleged violations of the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq.* and arose during the course of the Union's organizational campaign.

The first violation occurred early in the Union's campaign when respondent's general manager, William Green, asked employee Evelyn Link if she knew anything about union cards being passed around the hotel. He told her he felt she would tell him if she knew anything about it.

He also interrogated Link as to whether the employees on her shift were involved and asked her if any union organizers had contacted her at home.

Green was also involved in an incident with employees Link and Mike Pauley several days before the election. The gist of the incident was that Green threatened to have Link watched, to "get" her after the election and told her he would reprimand her to death. Green told Pauley that in the future the hotel may not need bus boys anymore.

Respondent's food and beverage manager, Theodore Johni, was also involved in two violations of the Act. The first occurred when Johni called employee Jerry Donohue into his office ostensibly for completion of a periodic evaluation. During the conversation, Johni asked Donohue about the union campaign and went on to relate to Donohue that he had experienced a pay cut when the union was voted-in at a hotel in which he was working. The conversation ended by Johni telling Donohue that if he were Donohue he would not vote for the union.

The other violation occurred when employee Joyce Schoemer was reading her mail, including campaign literature, prior to the start of her shift. Johni approached her and, after ascertaining she was reading campaign material, asked her what the union could do for her. Schoemer replied that the union could give her security. Johni replied that there was no such thing as security and that "if anything  .  .  .  you could lose benefits."

On April 11, 1977, the matter was heard before an administrative law judge who found that respondent had violated Section 8(a)(1) of the Act by coercively interrogating and threatening employees. Accordingly, he ordered respondent to cease violating the Act and to post the standard notice.

On September 30, 1977, the NLRB issued its Decision and Order in which it affirmed the rulings, findings, and the conclusions of the administrative law judge. 232 N.L.R.B. No. 132.

All of the factual findings made by the administrative law judge and affirmed by the NLRB were disputed. However, the administrative law judge resolved the conflicts in favor of the employees testimony. There is substantial evidence to support these conclusions. The order of the NLRB should be enforced. *Rupp Forge Co. v. N. L. R. B.*, 484 F.2d 1382 (6th Cir. 1973); *N. L. R. B. v. RAWAC Plating Co.*, 422 F.2d 1259 (6th Cir. 1970); *N. L. R. B. v. International Union of Operating Engineers, Local 18*, 500 F.2d 48 (6th Cir. 1974); *N. L. R. B. v. Ogle Protection Service*, 375 F.2d 497 (6th Cir. 1967), *cert. denied*, 389 U.S. 843, 88 S.Ct. 84, 19 L.Ed.2d 108.