655 F.2d 88
 107 L.R.R.M. (BNA) 3216, 91 Lab.Cas. P 12,879
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
Retail Clerks Union Local No. 31, United Food & Commercial
Workers International Union, AFL-CIO, Intervenors,
v.
FREDERICK'S FOODLAND, INC., d/b/a/ Bucyrus Foodland North
and Bucyrus Foodland South, Respondents.
 No. 80-1201.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 16, 1981.
Decided July 17, 1981.
 
 John J. Mallon, Brian Smith, Troy, Mich., for respondents.
 Before ENGEL, KENNEDY and MARTIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case is before us on the Board's petition for enforcement of its order against Frederick's Foodland, Inc., which operates two retail grocery stores in Bucyrus, Ohio. In March 1977, one of the two stores was destroyed by fire. It was reopened in March 1978; in the interim, employees of the two stores were combined in the one operating store, and about 25 of the roughly 85 employees were laid off by seniority.
 
 
 2
 On November 14, 1977, the Union[1] began its organizational campaign with a meeting at the home of employee Jane McClintock. Shortly thereafter a representation petition was filed, and a hearing was held on December 13, 1977. The parties stipulated that 5 of the laid-off employees should vote in the upcoming election, resulting in a two-store bargaining unit of 49 employees. By December 14, 26 of those employees had signed authorization cards. On January 5, 1978, a representation election was held, which the union lost by a vote of 28 to 18, with 2 challenged ballots. The Board then filed numerous objections and unfair labor practice charges against the Company.
 
 
 3
 The Board found that the Company committed numerous violations of § 8(a)(1) of the National Labor Relations Act. Among the violations were coercive interrogations of employees, solicitations of grievances from employees, creating the impression of surveillance of union activities, communicating to employees that their support of the Union would be futile, promising benefits to employees to discourage support for the union, and granting an across-the-board wage increase shortly before the election in order to induce the employees to vote against the Union. The Board further found that the Company violated § 8(a)(3) and (1) of the Act by reducing the scheduled hours of employees McClintock and Shafer. Finally, the Board found that the union attained majority status on December 14, 1977, and that the granting of the wage increase without bargaining violated § 8(a)(5) as well as § 8(a)(1) of the Act.
 
 
 4
 The Board's order requires the Company to cease and desist from engaging in the unfair labor practices, to make whole employees McClintock and Shafer for any loss of earnings by reason of the unlawful reduction of their scheduled work hours, and to post the customary notices. Due to the serious and pervasive impact of the unfair labor practices, the Board further ordered the Company to recognize and, upon request, bargain collectively with the union as the exclusive representative of the employees.
 
 
 5
 On appeal the Company contends that the Board's findings are not supported by substantial evidence and that the facts of this case do not justify the issuance of a bargaining order.
 
 
 6
 Most of the testimony upon which the ALJ based his factual findings was disputed. It is the function of the ALJ to make credibility determinations. N.L.R.B. v. Franklin Property Co., Inc., 617 F.2d 447 (6th Cir.), cert. denied, --- U.S. ----, 101 S.Ct. 118, 66 L.Ed.2d 47 (1980). Because the factual findings adopted by the Board are supported by substantial evidence in the record, they cannot be disturbed on appeal. 29 U.S.C. § 160(e).
 
 
 7
 In challenging the Board's finding of a § 8(a)(5) violation, the Company contends that the Union never achieved majority status. The Company argues that Bill Judy and Bill Wilburn were improperly excluded from the unit, and that Scott Oriens was improperly included. The proper unit, it concludes, included 50 employees, of whom only 25 had signed authorization cards on December 14, 1977. We disagree. The Board's findings with respect to Judy and Wilburn are supported by the evidence. Because they were properly excluded from the unit, the union achieved a card majority regardless of the status of Oriens. Finally, at least with respect to the § 8(a)(5) violation in issue here, the Company's contention that the unit must include all of the laid-off employees is without merit in light of its stipulation that only five of those employees had a reasonable and imminent expectation of recall.
 
 
 8
 The Company's final contention is that the Board's issuance of a bargaining order is not justified. We agree. This court has refused to enforce bargaining orders in cases where the unfair labor practices would not, in our opinion, prevent a fair election. N.L.R.B. v. Naum Brothers, 637 F.2d 589 (6th Cir. 1981). Viewing the record as a whole, we hold that the Board's decision to issue a bargaining order is not supported by substantial evidence. Factors contributing to our decision are the large increase in the number of employees in the unit due to the reopening of the second store, the passage of time since the first election, and the nature of the unfair labor practices found by the Board. Although there is sufficient proof in the record that those findings should not be disturbed, we believe that in the context of this case the violations cannot be deemed so pervasive and outrageous as to warrant a bargaining order under N.L.R.B. v. Gissel Packing Co., 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969).
 
 
 9
 Accordingly, the application of the Board for enforcement of its order is granted in part and denied in part.
 
 
 
 [1]
 Retail Clerk's Union 31, a/w United Food and Commercial Workers International Union, AFL-CIO