833 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
BENMIT DIVISION, UNITED STATES TUBULAR, INC., Respondent.
 No. 86-6004.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1987.
 
 Before KRUPANSKY, Circuit Judge, and JOHN W. PECK and BAILEY BROWN, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner National Labor Relations Board (Board) petitioned this court for enforcement of its order of June 24, 1986 in which it concluded that respondent Benmit Division, United States Tubular, Inc. (Benmit) violated Section 8(a)(1) & (3) of the National Labor Relations Act, 29 U.S.C. Sec. 158(a)(1) & (3). Specifically, the Board affirmed the determination of an administrative law judge (ALJ), who concluded that Benmit had violated the act by discharging one employee and demoting another because they had participated in a union organization effort, by unlawfully interrogating its employees concerning their union activities, by threatening its employees against unionization, and by removing vending machines and telephones from the plant to discourage unionization. The ALJ made these findings after conducting a hearing in which he received conflicting testimony concerning each of the alleged violations. The ALJ found the employees' testimony to be more credible than that of Benmit's management personnel and therefore concluded that Benmit had indeed violated the act. The Board ordered Benmit to cease and desist from violating the act, to reinstate the two employees to their previous positions, and to replace the vending machines and telephones. Benmit refused to comply with the Board's order, and the Board petitioned this court for enforcement. Before this court, Benmit asserted only that the Board's findings were not supported by substantial evidence.
 
 
 2
 "[T]he findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive...." 29 U.S.C. 160(e). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (citations omitted). "It is, of course, the Board's function and not [the court's] to resolve questions of fact and credibility when there is a conflict in the testimony." NLRB v. Rawac Plating Co., 422 F.2d 1259, 1260 (6th Cir.1970) (per curiam). "As a general rule, [the court is] bound by the Board's determination of witnesses' credibility." NLRB v. H. & H. Plastics Mfg. Co., 389 F.2d 678, 681 (6th Cir.1968).
 
 
 3
 Upon review of the record, and the briefs and oral arguments of the parties herein, this court concludes that the Board's findings are supported by substantial evidence. The ALJ simply resolved disputed issues of fact and credibility unfavorably to Benmit, and this court will not disturb those determinations. Accordingly, the Board's order of June 24, 1986 is hereby ENFORCED.